In re CAMERON.

(District Court, E. D. Washington, S. D.    October 28, 1908.)

ALIENS (§ 68*) — ADMISSION TO CITIZENSHIP — DECLARATION OF INTENTION — ABANDONMENT.

    A declaration of intention by an alien to become a citizen of the United States will not support an application for admission to citizenship, where after it was made the applicant returned to his native country with the intention of remaining there, and who voted and otherwise participated in its local affairs, such act operating as an abandonment of his declared intention.

    [Ed. Note.—For other cases, see Aliens, Dec. Dig. § 68.*]

Application for Admission to Citizenship.

Andrew J. Balliet, Asst. U. S. Atty.

WHITSON, District Judge. The applicant, an alien, born in Canada, declared his intention to become a citizen of the United States on the 2d day of August, 1895. He remained here for several years after his declaration, after which he went to Canada, without at the time intending to return to this country. He subsequently came back, and has lived in the United States for more than five years immediately preceding his petition. He is shown to have the necessary qualifications, and is particularly to be commended for frankness of statement in regard to his purpose at the time he left. He relies upon the original declaration of intention, but in view of the circumstances he is not entitled to admission by virtue thereof; for, though it was bona fide his intention to become a citizen at the time he made it, his subsequent resumption of allegiance and assertion of his right to citizenship in his native country, where he voted and otherwise participated in its local affairs, raises a conclusive presumption of the abandonment of that intention. The statute contemplates continuous inhabitancy, after the first step is taken, up to and including the time of admission, during which the intention to become a citizen must in fact continue. An applicant cannot hold a divided allegiance, in part to his native country, to be resumed at will, and in part to that of his adoption, to be availed of at pleasure. He owes undivided allegiance during the probationary period; otherwise, he could continue his relations with the country of his citizenship unto the day of his final proof, which would neither be within the spirit of the statute regarding residence nor within its provisions as to the bona fide intention to become a citizen. Nor will the fact that he has resided here for the time required by law since his return entitle him to admission, even though that residence may be accompanied with an intention to become a citizen; for his right depended upon the continuance of the intention to expatriate himself, and he cannot rest his claim upon that which he voluntarily relinquished and abandoned by exercising his rights as a citizen of the country from which he came.

For these reasons, the petition will be denied.