### ADAMSON v. UNITED STATES.†

(Circuit Court of Appeals, Eighth Circuit. December 19, 1910.)

No. 3,365.

1. CRIMINAL LAW (§ 406*)—EVIDENCE—ADMISSIONS BY ACCUSED.
  On the trial of a criminal case, it was competent to prove a statement made by defendant to the effect that he could implicate another in the offense, as one against interest.
  [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 894–927; Dec. Dig. § 406.*]

2. CRIMINAL LAW (§ 695*)—TRIAL—SUFFICIENCY OF OBJECTION TO EVIDENCE—ON JOINT TRIAL.
  Where two defendants were being tried together, it was not error to overrule an objection, made on behalf of both defendants jointly, to testimony which was competent and admissible against one.
  [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1637; Dec. Dig. § 695.*]

In Error to the Supreme Court of the Territory of New Mexico.

Carl Adamson was convicted of a criminal offense. The judgment was affirmed on appeal by the Supreme Court of New Mexico (106 Pac. 653), and defendant brings error. Affirmed.

W. C. Reid (J. M. Hervey, on the brief), for plaintiff in error. D. J. Leahy, U. S. Atty. (S. B. Davis, Jr., Asst. U. S. Atty., on the brief), for the United States.

Before VAN DEVANTER and HOOK, Circuit Judges, and CARLAND, District Judge.

HOOK, Circuit Judge. Adamson and one Sullivan were jointly indicted, tried, and convicted of a conspiracy to violate the laws of the United States relating to the exclusion of Chinese. Adamson appealed to the Supreme Court of the territory of New Mexico, where the sentence was affirmed, and he then prosecuted this writ of error.

At the trial defendant Sullivan, who testified for the defense, was asked on cross-examination by counsel for the government whether, about the time the indictment was returned, he did not say to a Mr. Barringer that he did not think he would have any trouble in making bond, and that if there was any he could implicate a prominent man, but that he would rather serve a term in jail than do so. An objection that the matter was immaterial was overruled, and Sullivan denied the conversation. The government then produced Barringer, who testified, over objection, that Sullivan made the statements. The objections were that the evidence called for was incompetent and immaterial, and that there was no foundation for impeachment, because no place was designated in the question put to Sullivan. We need not stop to consider this as impeaching testimony. The statements by Sullivan were against interest, and could have been proved without his previous denial.

It is urged that, as they were made after the arrest, they were inadmissible against Adamson, his co-conspirator. But no objection on that score was made, except as it might be included in the general one, "incompetent and immaterial." Moreover, the objections were on behalf of the defendants jointly. No request was made to confine the effect of the testimony to Sullivan, and, as it was admissible against him, the objections were properly overruled. This applies, also, to the request to charge the jury to disregard the testimony. Being admissible against Sullivan, it should not have been wholly disregarded.

The Supreme Court of the territory said in its opinion that the record presented no other question than the above, and it was the only one considered. Various other matters are now urged upon us; but we think the record is not in condition for their examination. Section 31, c. 57, Laws N. M. 1907, relating to civil actions, provides that whenever it is desired to review the action of a trial court upon any point or points not necessarily involving all of the record or evidence, and the parties have not agreed as to what shall be shown, the appellant shall file in the office of the clerk of the trial court a precipe setting forth the questions he desires reviewed and those portions of the record he deems necessary for that purpose, "and he shall be bound in the Supreme Court by the precipe so filed." The opposite party is given the right to have additional parts certified, if he considers them essential to the review sought. Section 52 adapts the procedure to appeals in criminal cases, and section 54 dispenses with assignments of error.

In the case before us the official stenographer of the trial court certified "that the foregoing is a correct transcript of those portions of the testimony which it purports to be a record of"; and the certificates of the trial judge and clerk are that it is a transcript of such of the record as was asked for by the appellants. The record before us does not show the precipe provided for by section 31; but the certificates

of the judge and court officials indicate that the partial transcript was obtained in that way. This is confirmed in a measure by the recital in the opinion of the Supreme Court of the territory that but one point was raised by the record. Assignments of error in that court were unnecessary; but the section dispensing with them did not authorize the short transcript. For the adoption of that practice a special provision required a precipe setting forth the questions to be reviewed. The precipe thereupon became a limitation upon the scope of the review in the Supreme Court of the territory, and in this court as well.

But, if it be said the absence of a precipe shows that practice was not followed, the final result would be the same. We would have an incomplete record, and the familiar presumptions in favor of the action of the trial court.

The judgment is affirmed.