CHAPA v. UNITED STATES. *

(Circuit Court of Appeals, Fifth Circuit. December 10, 1919.)

No. 3428.

CRIMINAL LAW ⬥676—LIMITING NUMBER OF WITNESSES TO ONE POINT IN DISCRETION OF COURT.

The limiting of the number of witnesses testifying to facts tending to show the good faith of defendants, charged with using the mails to defraud, to 13, although many more were offered, *held* within the discretion of the court; their testimony being cumulative.

In Error to the District Court of the United States for the Western District of Texas; Duval West, Judge.

Criminal prosecution by the United States against Antonio Cisneros Chapa. Judgment of conviction, and defendant brings error. Affirmed.

G. Woodson Morris and C. M. Chambers, both of San Antonio, Tex. (Chambers, Watson & Wilson, of San Antonio, Tex., on the brief), for plaintiff in error.

Hugh R. Robertson, U. S. Atty., of San Antonio, Tex.

Before WALKER, Circuit Judge, and FOSTER and GRUBB, District Judges.

FOSTER, District Judge. Defendants, husband and wife, were indicted in three counts for using the mails in furtherance of a scheme to defraud, and were convicted.

The indictment charges substantially that the defendants had devised a scheme and artifice to defraud certain Mexicans, and for obtaining money by means of false representations and promises; that they would inaugurate and maintain a propaganda to be carried on by means of personal solicitation and advertisement, and representations and promises contained in letters and circular letters and circulars and books and leaflets and other literature written in the Spanish language, and by opening correspondence with the said Mexicans in the name

---

of Eloisita Cisneros, their young daughter, and in other names, for the purpose of exploiting the gullibility and superstition of the said ignorant Mexicans, and would represent in said letters and literature and other channels of advertising that their said daughter was a young Mexican girl who from birth had been favored with supernatural gifts and attributes, who at the age of two or three years had died and been brought back to life, and who thereafter was inspired by the Deity, and was possessed of many occult arts and powers, among these the ability to heal affliction and disease, and remorse and suffering, either by some magic or some divine strength, with the aid of charms and nostrums and advice.

Nine errors are assigned. The first, third, fifth, and ninth assignments are not pressed in brief or argument. We have examined them, however, and find them without merit.

The second error assigned is to a portion of the charge of the court. The court charged the jury fully on the law of the case, and left it to the jury to say whether defendants believed in the truth of their representations, or made them with intent to defraud, charging specifically that, if the defendants were actuated by an honesty of purpose and a good intention, they should be acquitted. We find no error in the charge.

The fourth assignment runs to the refusal of the court to give a special charge requested. The special charge was lengthy and objectionable, because it assumed many facts to be proved, and requested the court to so charge, but in any event the material part was fully covered by the general charge of the court.

The sixth assignment is to certain remarks of the assistant district attorney to the effect that the defendant would use a verdict of acquittal as an advertisement. The district attorney is entitled to as much latitude as the defense in drawing deductions from the evidence and the general aspect of the case, provided he does not try to nullify the privileges and immunities of the defendant, and confines himself to facts in the record. The remarks of the assistant district attorney were unnecessary and perhaps undignified, considering his high office; but we cannot say that they were prejudicial to the defendant.

The seventh assignment of error is to the refusal of the court to permit more than 13 witnesses for the defense to testify that they had been cured by defendants' daughter. This was material on the question of defendants' good faith, as showing their own belief in the possession by their daughter of the occult power claimed for her. About 150 witnesses were tendered on this point. The evidence offered was purely cumulative. The witnesses for the prosecution had testified to the same effect, and there was no question but that many persons believed they had been cured by the supernatural or unusual powers of defendants' daughter. The entire evidence is not in the record, and we must assume that there was other evidence tending to show bad faith and fraudulent intention on the part of the defendants. It is discretionary with a trial court to limit the amount of cumulative evidence, and in this case it does not appear that this discretion was abused.

The eighth assignment is to the refusal of the court to grant a new trial. It is elemental that in the courts of the United States the granting or refusing of a new trial is a matter of discretion with the trial court, and error cannot be assigned to its action thereon. We find no prejudicial error in the record.

Judgment is affirmed.