---

### In re LOEN.

(District Court, W. D. Washington, N. D. December 27, 1919.)

No. 5943.

ALIENS ⬦═65—ALIEN WHO SURRENDERED DECLARATION OF INTENTION TO EVADE MILITARY SERVICE NOT ENTITLED TO CITIZENSHIP.

Though applicant, who had declared intention to become citizen, surrendered same and made affidavit of willingness to return to Norway, his native country, in support of military exemption claim, was inducted into military service, and before his claim was disposed of the armistice was signed, and he was discharged, held that, despite Act June 29, 1906, § 4, as amended by Act May 9, 1918 (Comp. St. 1918, § 4352), and by Act July 19, 1919, providing for admission to citizenship of any person of foreign birth who served in the military or naval forces in the United States and had been honorably discharged, applicant cannot be admitted to citizenship; his conduct showing desire to avoid burdens of citizenship, instead of loyalty to United States.

Naturalization Proceeding. In the matter of the application for citizenship of Knut Sigfred Loen. Application denied with prejudice.

John Speed Smith, Chief Naturalization Examiner, of Seattle, Wash.

NETERER, District Judge. This applicant, at the time of registration for war service was 23 years old. He had declared his intention to become a citizen of the United States. For the purpose of avoiding military service, he surrendered his declaration of intention to the Norwegian consul, to be forwarded to the department at Washington, D. C., and made an affidavit of his willingness to return to his native country, in support of his exemption claim, on the ground of being an alien. His exemption was disallowed by the local board, and he was inducted into the army at Camp Lewis, and before his claim could be acted upon by the departments at Washington, D. C., the armistice was signed. During the time applicant was in the service, he declined to become a citizen, although requested to do so at Camp Lewis. He knew that during the time he was at Camp Lewis special sessions of United States court were held at Camp Lewis for the convenience of soldiers to become citizens, and many thousands were naturalized.

Applicant filed his application for citizenship under Act July 19, 1919, c. 24, § 1. Section 4 of Act June 29, 1906, c. 3592, 34 Stat. 596 (Comp. St. 4352), provides that any alien may be admitted to citizenship who immediately prior to his application "has resided continuously within the United States for five years, and within the state where the court is held one year, and that during the time he has been "a

man of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same." Section 4, subd. 1, of this act, provides that an alien shall declare on oath before the clerk of any court authorized to naturalize aliens, two years at least prior to his admission, that it is bona fide his intention to become a citizen of the United States, and a willingness to forfeit all allegience and fidelity to foreign sovereignty. This act was amended May 9, 1918 (40 Stat. 542, c. 69 [Comp. St. 1918, § 4352]), by adding the seventh subdivision, by which it is provided:

"Any alien serving in the military or naval service of the United States during the time this country is engaged in the present war may file his petition for naturalization without making the preliminary declaration of intention, and without proof of the required five years' residence within the United States."

On July 19, 1919, this subdivision 7 was amended by providing that—

"Any person of foreign birth who served in the military or naval forces of the United States during the present war, after final examination and acceptance by the said military or naval authorities, and shall have been honorably discharged after such * * * service, shall have the benefits of the seventh subdivision of section 4 of the act of June 29, 1906, * * * as amended, * * * and this provision shall continue for the period of one year after all the American troops are returned to the United States."

The applicant claims that he was honorably discharged, and that this application is timely, and that he should be admitted. The application is within a year, and he bears an honorable discharge.

Is the examination of the court as to the applicant's qualification for citizenship limited to the timeliness of the application, and to the discharge, or is the duty still imposed upon the court to determine whether the applicant comes within the other requirements of the law? The exceptions in favor of an honorably discharged soldier appear to be definitely and clearly pointed out, and limited to proof of residence and declaration of intention, as far as the present inquiry is concerned. All of the requisites except residence and declaration of intention must therefore be met by the applicant, as the only limitation placed upon the court, as far as concerns us here, is with relation to declaration of intention and residence. The applicant never left the training camp. So far as appears, no further disposition was made of his claim for exemption by the departments at Washington.

In the instant case, the applicant had declared his intention to become a citizen, and under oath declared his willingness to renounce all allegiance to foreign sovereignty. By that oath he solemnly swore it to be his bona fide intention to transfer his citizenship and allegiance. This implied willingness and intention to defend the flag, to support the Constitution and laws of the United States; and, when invitation was extended, he declined to do so, thereby repudiating his declared intention, and asserted under oath preference for his native country. He failed to meet the test. Nothing appears to indicate a change of sentiment or feeling of regret.

Citizenship and allegiance to this country are made of sterner stuff. He is not fitted to take the oath of allegiance. Interpretation of the oath of allegiance is more than a mere formula of words. It is the

translation of the alien applicant for citizenship from foreign language, foreign history, foreign ideals, and foreign loyalty, into a living character of our language, of our history, of our life, of our ideals, and loyalty to our flag. It is that intellectual, spiritual, patriotic development of love for the United States, his adopted country, and its Constitution and laws, which moves him in sincerity to dedicate his life to its service, and conscientiously agree to defend it against all enemies and the implanting in his soul of a sincere determination that in the hour of danger or attack upon the Constitution or the flag, to devote to their defense and support unlimited loyal service to the extent of his life, if required. Any person unwilling to pledge his hands, his heart, his life, to the service and preservation of the government of the United States, first and always, is unworthy to be admitted to citizenship.

The proof does not show the applicant's loyalty to our flag and his willingness to defend it. This applicant, when the flag was assaulted by a foreign foe, was unceasing in his efforts to evade military service in a conflict forced upon this country, and did nothing which would indicate that he was attached to the principles of the Constitution of the United States, carrying forward liberty, equality, justice, and humanity. It was not until all danger was past, when the armistice was signed, that he made up his mind to again knock at the door of his country, and ask to be admitted to citizenship.

The application is denied with prejudice, and before he can be admitted to citizenship he will have to serve a probationary period which will justify a court to conclude that he is in truth and in fact attached to the principles of the Constitution and the laws of this country.