### In re SILBERSCHUTZ.

(District Court, E. D. Missouri, E. D.   December 17, 1920.)

No. 8982.

Aliens &#x21cb;62—Claiming draft exemption as enemy subject negatives prior declaration of intention.

An alien subject of Austria-Hungary, who made his declaration of intention prior to the war with that country, but who subsequently claimed exemption under the Selective Service Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 2044a–2044k) on the ground that he was a subject of an enemy country, held not entitled to admission to citizenship on such declaration.

Petition of Abraham Silberschutz for naturalization.   Denied.

M. R. Bevington, Chief Naturalization Examiner, of St. Louis, Mo., for the United States.

DYER, District Judge.   The petitioner for naturalization in this cause is a subject of the former Austro-Hungarian monarchy.   His status since December 7, 1917, has been that of an enemy alien.   Within that period of time, he has filed the application for citizenship now under consideration.   In support of the same, he has made a part thereof a declaration of intention executed some five years ago, or prior to the declaration of war against the country of his nativity. The evidence discloses that in the questionnaire executed by him under and pursuant to the regulations promulgated by virtue of the Act of May 16, 1917, known as the "Selective Service Act" (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 2044a–2044k), he claimed exemption from military service under class 5–E, while under Series VII of said questionnaire he stated he was not a citizen of the United States and pleaded exemption on that ground.

In support of its motion to dismiss the application for citizenship of this petitioner, the government has introduced in evidence a certificate of the Adjutant General of the United States army, over his seal, certifying to the facts respecting the plea in bar interposed to military service in the instant case on the ground of the enemy alien status of the registrant.   The court will take judicial notice of the signature of the said Adjutant General and of the seal of his office.   The petitioner does not challenge the correctness of this certificate of the War Department, nor does he challenge the truthfulness of the recitals contained in his questionnaire.   But, even should he attack said questionnaire, parol evidence would not be admissible to impeach a formal written instrument of its character, particularly when we keep in mind that said questionnaire was executed under the solemnity of an oath.

An alien must establish that his petition for naturalization is based upon a declaration of intention to become a citizen of the United States of America, made by him in good faith in accordance with the requirements of the naturalization statute, not less than two nor more than seven years previous to the date of filing of his petition for naturalization. In said declaration of intention he must declare in good faith that it is his bona fide intention to become a citizen of the United States, and to renounce forever all allegiance and fidelity to any foreign power, prince, potentate, state, or sovereignty, and particularly by name to the prince, potentate, state, or sovereignty to which he owes allegiance, and the said petitioner for naturalization must further establish that his attitude, conduct, and behavior during all of the time subsequent to the making of such declaration of intention has been consistent, or in accord with the bona fides expressed in said declaration. Further, the Naturalization Act (34 Stat. 596) mandatorily prescribes that an applicant for the grant of the privilege of American citizenship must affirmatively establish that, during at least all of the five years immediately preceding the date of filing of his petition for naturalization, he has been attached to the principles of the Constitution of the United States of America, and well disposed to the good order and happiness of the same, and that his attitude, conduct, and behavior has been such as is consistent with such an attachment, and has been such as evidences a willingness to support and defend the Constitution and laws of the United States of America against all enemies, foreign and domestic, and bear true faith and allegiance to the same.

The assertion of said petitioner for naturalization, in his declaration of intention filed in support of his petition, that it was his bona fide intention to become a citizen of the United States of America and to renounce forever all allegiance and fidelity to any foreign power, prince, potentate, state, or sovereignty, and particularly by name to the ruler of whom he was at that time a subject, was not made in good faith, and his attitude, conduct, and behavior subsequent to the making of said declaration has not been consistent or in accord with the intention so expressed by him in said declaration of intention, and his attitude, conduct, and behavior during the five years immediately preceding the date of filing of his petition for naturalization has not been such as establishes that he is attached to the principles of the Constitution of the United States of America, and well disposed to the good order and happiness of the same, and that he was and is willing to support and defend the Constitution and laws of the United States of America against all enemies, foreign and domestic, and bear true faith and allegiance to same, in light of the fact that the said petitioner, being then and there an alien, and a subject of enemy origin, in his questionnaire asserted and claimed exemption from induction into the military forces of the United States of America under the said act, on the ground of being such enemy alien, thereby negativing the bona fides of the declaration of intention upon which his petition for naturalization is based, and invalidating and voiding said declaration of intention. Further, the assertion by the petitioner of this claim for exemption as an alien establishes that he was not, during all of the

period of five years immediately preceding the date of filing of his petition for naturalization, attached to the principles of the Constitution of the United States of America, and that he was not well disposed to the good order and happiness of the same, and that he was not willing in the hour of our national peril to support and defend the Constitution of the United States of America against all enemies, foreign and domestic, and bear true faith and allegiance to the same.

It must therefore be held that the said petitioner is ineligible at this time to be admitted to American citizenship, and his petition for naturalization must be denied on the grounds and for the reasons assigned. This order of denial will be with prejudice.