### HAUGE v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 17, 1921.)

#### No. 3685.

1. **Perjury** ⟷32(8)—**Signed admission competent evidence.**
    On trial of a defendant for perjury in falsely testifying in support of his petition for naturalization that he did not claim exemption from military service on the ground of alienage, a certified copy of the questionnaire, signed by him, in which he claimed such exemption, *held* competent evidence.

2. **Aliens** ⟷68—**Claim of exemption from military duty as alien held material on application for naturalization.**
    On a petition for naturalization, the fact that the applicant after his declaration of intention claimed exemption from military service on the ground of his alienage, and stated his willingness to return to his native country and enter its military service, *held* material.

3. **Criminal law** ⟷676—**Limitation of witnesses discretionary.**
    The limitation of the number of witnesses whose testimony is merely cumulative is within the discretion of the court.

In Error to the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Criminal prosecution by the United States against Olaf Hauge. Judgment of conviction, and defendant brings error. Affirmed.

⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Erwin J. Rowe, of Portland, Ore., for plaintiff in error.
Lester W. Humphreys, U. S. Atty., of Portland, Or.

Before GILBERT and HUNT, Circuit Judges, and RUDKIN, District Judge.

HUNT, Circuit Judge. Hauge was convicted of having sworn falsely in a proceeding under the laws relating to the naturalization of aliens, and brings writ of error. Section 80, Penal Code (Comp. St. § 10248). The indictment charged that in June, 1920, in the District Court of the United States, in Oregon, Hauge took an oath to answer truthfully all questions which might be put to him touching his qualifications for admission to become a citizen of the United States, and that while under oath he willfully and feloniously falsely swore that about January 9, 1918, at the time he filed his questionnaire with the local board in Chicago, in the course of registration for military services, he did not make claim for exemption from military service of the United States by virtue of his alienage and foreign citizenship, or the fact that he was not a citizen of the United States; whereas, in truth about January 8, 1919, he filed with the local board a questionnaire in which he claimed exemption as a resident alien, not an enemy, and claimed classification in division F of Class V, and claimed exemption from military service because he was not a citizen of the United States and stated that he was willing to return to his native country and enter its military service, and that in June, 1920, he well knew he had made the said claims for exemption.

Upon the trial it appeared that in August, 1920, there was a rehearing by the District Court of Hauge's petition for naturalization and that at such rehearing Hauge admitted under oath that his testimony on the first hearing in June, 1920, was to the effect that he had not claimed exemption at the time of making out his questionnaire. · Hauge's counsel objected to the admission of the testimony. The government offered in evidence a statement with answers in writing by Hauge to the naturalization examiner in connection with his petition for naturalization in which Hauge stated that he had not claimed exemption on the ground of alienage. It is contended that the court erred in admitting such written statement.

[1] Over the objection of defendant, the court admitted a certified copy of the defendant's questionnaire, which showed that he had claimed exemption from military duty on the ground of being a resident alien, not an enemy, who claimed exemption on the ground of permanent physical unfitness, and also that he was a man whose wife and children depended on his labor for support. In the questionnaire defendant also said that he was willing to return to his native country and enter military service therein.

Both matters were evidence in the nature of admissions over Hauge's signature, and clearly competent as original evidence against him. 16 C. J. 626; Adamson v. U. S., 184 Fed. 714, 107 C. C. A. 633.

[2] Upon the question of the materiality of the claim for exemption, our opinion is that it was entirely material and proper to ascertain whether the applicant for citizenship was willing to serve in military

defense of the country. What finer test of the disposition of one who wishes to be naturalized can be conceived of than to ascertain whether he is willing to support and defend the nation in time of war? How can one be really attached to the principles of the Constitution and be well disposed to the good order and happiness of the nation, and attempt to escape from the obligation to defend the country, on the ground that he is an alien and willing to return to his native country and enter its military service? It is wholly inconsistent with the fundamentals of loyalty and good faith to say that where a plea of alienage is deliberately set up in an endeavor to avoid military service, the alien can shortly afterwards apply for naturalization and be adjudged entitled to the privileges of citizenship. In re Tomarchio (D. C.) 269 Fed. 400; In re Silberschutz (D. C.) 269 Fed. 398.

[3] After six witnesses had testified to defendant's good reputation for truth and veracity, the court declined to permit defendant to call further witnesses upon the same point. Defendant excepted and assigns error in the action of the court. As the proposed additional witnesses would give evidence which was merely cumulative, the matter was one within the discretion of the court, and we cannot see that there was any prejudice by the ruling. O'Hara v. U. S., 129 Fed. 551, 64 C. C. A. 81; Chapa v. U. S. (C. C. A.) 261 Fed. 775.

We have carefully examined the whole record and find no error. The judgment is affirmed.