### In re PITTO. In re KIRBY. In re TEUSCHER.

#### (District Court, D. Oregon. October 1, 1923.)

#### Nos. 2292, 2955, 2961.

**Aliens ⟨⟩62—Naturalization; claim of exemption from draft nullifies prior declaration of intention.**

A declaration of intention is nullified by a subsequent claim of exemption from military service on the ground of alienage, and cannot thereafter be made the basis of an application for admission to citizenship, in view of Act June 29, 1906, § 4, subds. 1, 2,·as amended (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352), and section 15 of the act (Comp. St. § 4374).

In the matter of the applications of Emanuel Pitto, of Walter William Kirby, and of John Frederick Teuscher for admission to citizenship. Denied as to the first two named petitioners.

Wm. P. Lord, of Portland, Or., for petitioner Pitto.

V. W. Tomlinson, Naturalization Examiner, of Portland, Or., for the United States.

WOLVERTON, District Judge. These are all cases coming before the court on petition for naturalization. Pitto is an Italian, Kirby a German, and Teuscher a Swiss. Pitto and Kirby each made declaration of intention in 1916. Later, in 1917, each made a claim of exemption from military service on the ground of alienage. Teuscher made a declaration of intention in 1909, but allowed it to lapse, by failing to file his petition for naturalization within 7 years thereafter. Nor did he make any further declaration of intention until in November, 1920. It is upon this second declaration that his petition for naturalization now before the court is predicated.

The crucial question presented for consideration is whether these petitioners, or any of them, have valid declaration of intention upon which to base their petitions for naturalization. The declaration required of declarant, under oath, is:

"That it is bona fide his intention to become a citizen of the United States, and to renounce forever all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, and particularly, by name, to the prince, potentate, state, or sovereignty of which the alien may be at the time a citizen or subject." Act Cong. June 29, 1906 (section 4, subd. 1), as subsequently amended, including the Act of May 9, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352).

The declaration, without question, speaks from the time it is made and filed, and indicates that, from that time on, it is the alien's bona fide intention to become a citizen of the United States. If such were

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

not his intention, it would work a manifest fraud upon the government, and he could not, by any fair procedure, be entitled to citizenship. By the strongest inference, the petitioner is obligated to hold to and maintain that intention consistently up to and at the time of filing his petition for naturalization, since he is required to repeat the declaration in such petition. Furthermore he must establish the fact by proof, for, if it should appear otherwise, it would be a fraud upon the law and a travesty of justice to admit him, and his citizenship papers would be subject to cancellation. Section 4, subd. 2 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352), and section 15 of the act (Comp. St. § 4374).

A further requisite of his admission is that he show, by satisfactory proof, that he has resided in the United States, for five years at least, immediately prior to the time of filing his petition for admission, and that, during such time, he has behaved as a man of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order of the same. All this is by relation back to his declaration of intention. If, for instance, at any time after making his declaration, he had returned to his native country, and resided there for any considerable length of time, the fact would be persuasive in impeachment of the bona fides of his declared intention to renounce all allegiance thereto, and would warrant the court in holding that he was not eligible to citizenship. In re Cameron (D. C.) 165 Fed. 112.

The petitioner must know that, from the time of his declaration of intention, he has assumed certain correlative duties to this country, among which is the duty to comply with the laws thereof, "including those imposing public duties upon aliens of his class." In re Trachsel (D. C.) 271 Fed. 779, 780. No one doubts that citizens of the government owe thereto the reciprocal obligation to render military service in case of need. Luria v. United States, 231 U. S. 9, 23, 34 Sup. Ct. 10, 58 L. Ed. 101; Selective Draft Law Cases, 245 U. S. 366, 38 Sup. Ct. 159, 62 L. Ed. 349, L. R. A. 1918C, 361 Ann. Cas. 1918B, 856.

The making and filing of a declaration of intention contemplates the full and cordial assumption of such obligation, and the declarant owes it to the government that he thenceforth hold a consistent course indicative of allegiance thereto. It is certainly a badge of disloyalty, and wholly inconsistent with good faith, for one who has declared his intention to become a citizen of the country, having in view the obligations which the oath imposes, to decline military service on the ground of his alienage. The language of Judge Hunt, of the Court of Appeals, Ninth Circuit, in Hauge v. United States, 276 Fed. 111, 113, is most pertinent and apropos. I quote:

"What finer test of the disposition of one who wishes to be naturalized can be conceived of than to ascertain whether he is willing to support and defend the nation in time of war? How can one be really attached to the principles of the Constitution and be well disposed to the good order and happiness of the nation and attempt to escape from the obligation to defend the country, on the ground that he is an alien and willing to return to his native country and enter its military service? It is wholly inconsistent with the fundamentals of loyalty and good faith to say that where a plea of alienage is deliber-

ately set up in an endeavor to avoid military service, the alien can shortly afterwards apply for naturalization and be adjudged entitled to the privileges of citizenship."

Sec In re Silberschutz (D. C.) 269 Fed. 398; In re Tomarchio (D. C.) 269 Fed. 400.

Such action on the part of a declarant is indicative of a total disregard of his declaration, and renders it a nullity for the purposes for which it has been made and filed. In re Loen (D. C.) 262 Fed. 166; In re Trachsel, supra. The statute does not intend a merely perfunctory engagement. It intends, on the contrary, a bona fide, loyal, and strict compliance; otherwise, the declarant could not insist upon the validity of his declaration.

Heretofore this court has been consistent in its course of dismissing petitions for citizenship, based upon such declarations, where the declarant has claimed exemption from military service on the ground of alienage, without prejudice again to apply for citizenship after five years from the time (approximately) when his questionnaire was returned and filed. The result is that, if the applicant has a valid declaration of intention, he may petition for citizenship immediately after the expiration of five years from the time fixed in the order dismissing his former petition. But, if he is without a valid declaration of intention, he cannot proceed until he has procured one, which means, not only that he must make and file a new declaration of intention, but that he must wait two years thereafter before he will be permitted to file his petition for citizenship.

In this view, the petitions of Pitto and Kirby (they being without valid declarations of intention) must be dismissed. Nor will they be permitted again to petition until the lapse of two years after they have made and filed valid declarations of intention. The fact that these petitioners denied their willingness to return to their native country, or to enter into military service there, does not help them. See In re Tomarchio and In re Silberschutz, supra. Nor is it material, in the judgment of the court, that one of them was an alien enemy.

As to Teuscher, he apparently has a valid declaration of intention, as it is not contravened by any claim of exemption from military service. He seems to have made his return to his questionnaire about August 12, 1917, and his petition for citizenship was filed November 29, 1922. If, therefore, he is able to show good moral character, attachment to the principles of the Constitution, and that he was well disposed to the good order and happiness of the nation for five years immediately prior to the filing of his petition, and that other requisites of the statute have been complied with, he will be entitled to admission.