**UNITED STATES of America,**
**Plaintiff,**

v.

**Lesly COHEN, Defendant.**

**Crim. No. 39434.**

United States District Court
N. D. California, S. D.
May 8, 1964.

---

228

---

Richard H. Foster, Lewis & Foster, San Francisco, Cal., for defendant.

Cecil F. Poole, U. S. Atty., Frederick J. Woelflen, Asst. U. S. Atty., San Francisco, Cal., for plaintiff United States.

OLIVER J. CARTER, District Judge.

Defendant is charged in a nine count indictment with a violation of 18 U.S.C. § 1084, the interstate transmission of wagering information. Counts 1, 2, 3, 4, 5, 6 and 9 charge that the defendant, while being engaged in the business of betting and wagering, on a particular date did knowingly use wire communication facilities in interstate commerce by telephone from Las Vegas, Nevada, to

San Francisco, California, for the transmission of a wager in interstate commerce involving a particular sporting event. Counts 7 and 8 are framed differently. Count 7 charges that defendant "during the football season of 1962, that is to say, on a date during the period beginning on or about September 16, 1962, and ending on or about December 15, 1962, being engaged in the business of betting and wagering, did * * * knowingly use wire communication facilities in interstate commerce, * * * for *the transmission of information by wire* from Las Vegas, Nevada to San Francisco, California, *said information being communicated in interstate commerce for the purpose of assisting in the placement of a wager on a football game in which the San Francisco Forty-Niners participated* * * *.*" (emphasis added). Count 8 charges that defendant, "during the football season of 1962, that is to say, on a date during the period beginning on or about September 16, 1962 and ending on or about December 15, 1962, being engaged in the business of betting and wagering, did * * * knowingly use interstate wire communication facilities * * * for *the transmission of a wager in interstate commerce by wire* from Las Vegas, Nevada to San Francisco, California, *said wager being one involving a football game in which the San Francisco Forty-Niners participated* * * *.*" (emphasis added).

Apparently the government has made a basic distinction in pleading between sporting events in which the San Francisco Forty-Niners participated and other sporting events because, as to other sporting events, the defendant is charged with knowingly using wire communication facilities in interstate commerce for the transmission of a wager on a particular sporting event on a particular day, while, with respect to the sporting event involving the San Francisco Forty-Niners, the charge is twofold: (1) that defendant knowingly used wire communication facilities in interstate commerce for the transmission of information by wire for the purpose of assisting in the placement of a wager on a football game (Count 7); and (2) that defendant knowingly used interstate wire communication facilities for the transmission of a wager in interstate commerce (Count 8), and the offenses are alleged to have been committed, not on a particular day, but at some time during the football season of 1962, a period of approximately three months. All counts of the indictment are framed under 18 U.S.C. § 1084(a), which, in part, reads:

> "Whoever being engaged in the business of betting or wagering knowingly uses a wire communication facility for the transmission in interstate * * * commerce of bets or wagers or information assisting in the placing of bets or wagers on any sporting event or contest, * * shall be fined * * * or imprisoned * * *."

Defendant has made motions to dismiss the indictment and for change of venue. Hearing on other defense motions has been continued pending a ruling on these motions. The motion to dismiss was originally made on three grounds, namely, (1) that the indictment insufficiently appraises the defendant of what he must be prepared to meet at the trial, (2) that the offense is not so described as to make a judgment a complete defense to a second prosecution for the same offense, and, (3) that the indictment does not state facts sufficient to state an offense against the United States. After the filing of a bill of particulars and an amended bill of particulars defendant moved to dismiss counts 7 and 8 as being duplicitous, meaning a statement of two or more offenses in the same count.

The motion for change of venue is a motion to transfer under the provisions of Rule 21(b) of the Federal Rules of Criminal Procedure, and is made on the ground that, since the offenses charged in

the indictment are alleged to have been committed in the Northern District of California and the District of Nevada, the proceeding should be transferred to the District of Nevada in the interests of justice. The reason the interests of justice require such a transfer, says defendant, is that (1) defendant's residence and place of business is in Las Vegas, Nevada, where he operates a "legal sports book," (2) that most of the witnesses, both at the trial and on motion to suppress, are in Las Vegas and it would be inconvenient for them to come to San Francisco, (3) that the books and records of the business involved in the charges of the indictment are in Las Vegas, and, (4) that defendant is financially unable to transport the witnesses to San Francisco.

To meet these claims the government has filed a bill of particulars and an amended and corrected bill of particulars which name the betters who will testify as witnesses for the government, and establishes that they are two in number and that they live in the San Francisco area, and identifies the better with each count of the indictment, giving the telephone numbers through which the bets were made and received, or through which information assisting in the placing of bets or wagers was given. In opposition to the motion for change of venue the bill of particulars, as amended and corrected, shows that the residence of the two main non-government witnesses, the betters in the telephone transactions, are residents of the San Francisco bay area, and that the convenience of the major witnesses is in San Francisco, not Las Vegas.

I

MOTION TO DISMISS

 With the filing of the amended and corrected bill of particulars the argument has practically boiled down to the duplicity challenge to counts 7 and 8, and in view of the amended and corrected bill of particulars it is difficult to see

how count 8 can any longer be subject to that challenge because it is now limited to one date on which one better is alleged to have placed a bet over an interstate telephone with defendant on one sporting event. The same is true with counts 1, 2, 3, 4, 5, 6 and 9. A reading of these counts, as hereinabove set forth, shows that in conformity with Rule 7(c) F.R. Cr.P. they allege all of the essential elements of the offense described in Section 1084(a). They state that the defendant, being engaged in the business of betting and wagering, did knowingly use a wire communication facility, a telephone, for the transmission in interstate commerce of bets or wagers on a sporting event or contest. With the additional information in the bill of particulars each count appraises the defendant of what he must be prepared to meet at the trial. He now has the names of the betters, the numbers of the telephones used both to place and receive the bets, and the date and the sporting event on which the bet was placed. This will certainly be a bar to any future prosecution for the same offense. The purpose of Rule 7(f) has been met by curing omissions of details that might enable the defendant to prepare his defense and to protect him against a second prosecution for the same offense. Turf Center Inc. v. United States, Cir. 9, 1963, 325 F.2d 793, 796.

Count 7 presents a different problem. It does not charge placing a bet but rather using wire communication facilities in interstate commerce for the transmission of information for the purpose of assisting in the placement of a wager on a football game during a period of approximately three months. As supplemented by the amended and corrected bill of particulars it appears that this count refers to both (2) betters, and includes three to five telephone calls by one better and six to seven calls by the other during the three-month period in question. This, says the defendant, is duplicitous, meaning that two or more distinct

offenses are charged in the same count. In this respect defendant contends that the use of interstate wire transmission facilities for the prohibited purpose by each better was a separate offense each time the wire facility was used. In the Ninth Circuit the rule on duplicity has been stated in Empire Oil & Gas Corp. v. United States, Cir. 9, 1943, 136 F.2d 868, at 872:

> " 'Duplicity in an indictment means the charging of more than one offense, not the charging of a single offense committed in more than one way. Duplicity may be applied only to the result charged, and not to the method of its attainment.' "

In Travis v. United States, Cir. 10, 247 F.2d 130, 134, the rule is stated:

> " 'Duplicity' in an indictment generally means the charging of two or more separate and distinct offenses in one count, not the charging of a single offense into which several related acts enter as ways and means of accomplishing the purpose."

See also: United States v. Lennon, Cir. 2, 246 F.2d 24, 27; Hanf v. United States, Cir. 8, 1956, 235 F.2d 710, 715; and Mellor v. United States, Cir. 8, 1947, 160 F.2d 757, 762.

██ The offense charged in count 7 is the use of wire communication facilities in interstate commerce over a three-month period for the transmission of information by wire for the purpose of assisting in the placement of a wager on a football game in which the San Francisco Forty-Niners participated. Because the government might have made each telephone call by each better a separate offense does not render this count duplicitous. The offense was a continuing course of conduct, and in that respect might, to the advantage of the defendant, be treated as one course of conduct and one offense. What was said in Hanf, supra, is apropos here:

> "The rule against duplicitous pleading is not offended by a count charg-

ing more than one act if the acts were part of a transaction constituting a single offense." (235 F.2d 715)

Also Mellor, supra, states:

> "We know of no rule that renders an indictment duplicitous because it charges as one joint offense a single completed transaction instead of charging in separate counts as many offenses as the evidence at the trial might conceivably sustain." (160 F.2d 762)

For the foregoing reasons the indictment is not duplicitous and the motion to dismiss on that ground must be denied.

## II

## THE MOTION FOR CHANGE OF VENUE

██ This motion is addressed to the sound discretion of the Court. It is apparent that the offenses charged in the indictment were committed and could be tried either in the Northern District of California, or the District of Nevada. See: United States v. Synodinos, D.C. Utah, 1963, 218 F.Supp. 479. The sole question, then, is where the "interest of justice" will be served best. As far as the Court is concerned the parties could have a fair trial in either district, and there is no significant adverse condition of climate to either party in either district in which the case would be tried. See: Platt v. Minnesota Mining & Manufacturing Co., 1964, 376 U.S. 240, 84 S.Ct. 769, 11 L.Ed.2d 674. Therefore the main claim of the defendant is convenience. His home and his place of business are in Las Vegas. His business records are there, and some telephone and government records are there. On the other hand, the main government witnesses are San Francisco bay area residents and their records and telephone records concerning them are in the San Francisco area, and a number of the sporting events involved in the various

**232**

counts of the indictment occurred in that area.

■■ In weighing and balancing the respective conveniences of the parties the Court should not grant the motion unless the factors involved indicate a balance of inconvenience of some substance to the defendant. Here, the defendant seems to place emphasis on his place of residence and business and the witnesses connected therewith. While this is a factor to be considered it is not the only factor, nor necessarily the determining factor. See: Platt v. Minnesota Mining & Mfg. Co., supra, where the court said:

> "The fact that Minnesota is the main office or 'home' of the respondent has no independent significance in determining whether transfer to that district would be 'in the interests of justice,' although it may be considered with reference to such factors as the convenience of records, officers, personnel and counsel." (376 U.S. p. 245, 84 S.Ct. p. 772)

■ . From the bill of particulars, the affidavit and argument it is apparent that the volume of records on either side is not extensive, and the business organization of defendant is not large. It is not difficult to travel from Las Vegas to San Francisco, or vice versa. The defendant was at one time a resident of San Francisco for many years. The number of defense witnesses from Las Vegas other than himself has not been indicated, but, because of the nature of the case, such number must be small. The government agents or officers whom the defendant might want to examine can be produced by the government at either place. The main government witnesses, two in number, are residents of the San Francisco area. In the state of the record the Court concludes that the conveniences of the defendant when weighed against the convenience of the government do not suggest the transfer of the case to Nevada. The respective conveniences are much too evenly bal-

anced to deny the government the right to proceed in the forum originally chosen.

The motion to change venue is, therefore, denied.

An order in accordance herewith has been made and entered.