**UNITED STATES of America**
v.
**Clifford JONES.**
**Cr. No. 40-66.**
United States District Court
District of Columbia.
April 11, 1967.

William O. Bittman, Donald Page Moore, Austin S. Mittler, Sp. Attorneys, Department of Justice, for United States.

Edward P. Morgan, of Welch & Morgan, Washington, D. C., for defendant.

## OPINION

GASCH, District Judge.

On January 5, 1966, the defendant Clifford Jones was indicted by a Federal Grand Jury sitting in the District of Columbia. The Grand Jury charged that the defendant had on three occasions committed perjury in his appearance before that body on March 17, 1965. At the request of counsel for the defense, the case was continued until after the trial in United States v. Baker, D.C., 266 F.Supp. 461. Now that the trial in the *Baker* case has been completed, counsel for the defendant has moved for a further continuance and in the alternative for a transfer.

The defendant's motion for a continuance is predicated upon an alleged conflict between Count 9 of the *Baker* indictment and Count 1 of his own indictment. The defendant contends that these counts are conflicting in that they each charge the respective defendants with causing certain checks to be issued by the First Western Financial Corporation payable to Wayne L. Bromley. Apparently, the defendant is unwilling to accept the fact that a single act or series of acts may have a dual causation and feels that, in view of Baker's conviction, Count 1 of this indictment should be dismissed.

The Court is not persuaded by the defendant's argument and can see no useful purpose in further continuing this case which has already been in an inactive status for more than a year. Accordingly, the motion for a continuance will be denied.

The defendant also seeks a transfer from this district to a district in Nevada pursuant to Rule 21(b), F.R.Crim.P., contending that a district court in Neva-

da will afford him a more convenient trial forum.

Amended Rule 21(b) became effective on July 1, 1966, and governs "all criminal proceedings thereafter commenced and so far as just and practical all proceedings then pending." H.R.Doc.390, 89th Cong., 2d Sess., 11, 1966. There can be no question, therefore, that it is proper to apply the new rule to the present proceeding. Singleton v. Botkin, 5 F.R.D. 173 (D.C.D.C.1946).

 Prior to amendment, Rule 21(b) permitted the Court on defendant's motion to transfer a case to another district in the "interest of justice" only when venue existed in both districts; that is, where the offense charged was alleged to have been committed in more than one district and venue would have initially been proper in either. However, as amended, Rule 21(b) is no longer tied to a "crime committed" formula and now provides:

> "For the convenience of parties and witnesses, and in the interest of justice, the court upon motion of the defendant may transfer the proceeding * * * to another district."

Thus, the amendment now permits a court to transfer any case on motion of the defendant upon "a showing that it would be for the convenience of parties and witnesses, and in the interest of justice."

Counsel have suggested that the instant case is one of first impression involving the interpretation and application of this new rule. It should be pointed out, however, that, although the multi-venue test has been eliminated as a prerequisite to transfer, the "interest of justice" standard which is incorporated in both the old and the new rule has not been changed. Therefore, the proper application of Rule 21 must be determined from the language of the rule, the con-siderations which led to its amendment, and most importantly, from the previous judicial interpretations of the "interest of justice" standard.

Rule 21(b) was amended in an effort to alleviate some of the difficulties created by the strict constructionist approach adhered to by most courts when applying the rule prior to its amendment. See, e. g., Travis v. United States, 364 U.S. 631, 81 S.Ct. 358, 5 L.Ed.2d 340 (1961); Johnston v. United States, 351 U.S. 215, 76 S.Ct. 739, 100 L.Ed. 1097 (1956); Platt v. Minnesota Min. & Mfg. Co., 376 U.S. 240, 84 S.Ct. 769, 11 L.Ed. 2d 674 (1963); United States v. Choate, 276 F.2d 724 (5th Cir. 1960); and Advisory Committee's Notes, F.R.Crim.P., H.R.Doc.No.390, 89th Cong., 2d Sess., 11, 1966. It is apparent from the above-cited cases, and the Advisory Committee's Notes reflect, that the ills sought to be cured by amendment all had resulted from the multi-venue requirement of the old rule. Thus, in this case, the ill was cured by simply eliminating the requirement. However, the Court has previously noted, and it should be emphasized, that the standards for determining when the "interest of justice" warrants a transfer remain unchanged.

 In determining whether a prosecution should be transferred in the "interest of justice," the Court may consider:

> " * * * the rights of the Government, the accused, and the public; curtailment of unnecessary expense; relative cost to the parties involved; their possible embarrassment by reason of absence from their place of business for extended periods of time; length of time of the trial and the comparative condition of the dockets of both courts; and also the relative cost and hardship because of the removal of records into another jurisdiction." [1]

---

1. United States v. Amador Casanas, 233 F.Supp. 1001, 1003 (D.C.D.C.1964). See also Platt v. Minnesota Min. & Mfg. Co., 376 U.S. 240, 243–244, 84 S.Ct. 769, 11 L.Ed.2d 674 (1963).

■■ However, before applying these factors to the present case, we must take as our starting point the preliminary proposition that sound judicial administration and the need for efficient handling of the prosecuting attorney's work load suggest that only rarely and for good cause should a prosecution be withdrawn by a judicial act from the court in which it was brought and probably from the direction and management of counsel who have prepared it. United States v. Luros, 243 F.Supp. 160 (W.D.Iowa 1965); United States v. United States Steel Corp., 233 F.Supp. 154 (S.D.N.Y. 1964); and United States v. White, 95 F.Supp. 544 (D.Neb.1951). This is especially true where, as in this case, government counsel has carried it before the Grand Jury. Accordingly, to warrant a transfer the defendant must demonstrate and the Court must be satisfied that the prosecution in the district where the indictment was properly returned will result in a substantial balance of inconvenience to himself. United States v. Cohen, 35 F.R.D. 227 (S.D.Calif.1964); United States v. Luros, supra, and United States v. United States Steel Corp., supra. As Judge Carter said in United States v. Cohen, 35 F.R.D. at 232:

> "In weighing and balancing the respective conveniences of the parties the Court should not grant the motion unless the factors involved indicate a balance of inconvenience of some substance to the defendant."

With these observations in mind, we now turn to the defendant's contentions in the present case.

■■ The Court does not feel that the defendant has demonstrated a sufficient balance of inconvenience to himself to warrant the removal of this case to a district court in Nevada. It is true that the defendant is a resident of Las Vegas, Nevada. However, although the defendant's residence is a factor to be considered, it is not the controlling factor. As the Supreme Court said in Platt v. Minnesota Min. & Mfg. Co., supra, 376 U.S. at 245, 84 S.Ct. at 772:

> "The fact that Minnesota is the main office or 'home' of the respondent has no independent significance in determining whether transfer to that district would be 'in the interest of justice,' although it may be considered with reference to such factors as the convenience of records, officers, personnel and counsel."

Furthermore, the defendant is the only party to this litigation who resides in Nevada. Government counsel are all residents of Washington, D. C., as is counsel for ·the defendant, Edward P. Morgan. Consequently, this district clearly provides the most convenient trial forum as far as all parties and counsel are concerned.

■ The defendant by affidavit attached to his pleadings asserts that he will need to call 29 witnesses, all of whom reside in and around Las Vegas, Nevada, to develop the merits of his defense. But a bare assertion that a large number of witnesses will be needed at trial is not sufficient to demonstrate the preponderance of inconvenience necessary to warrant · a transfer. Lindberg v. United States, 363 F.2d 438 (9th Cir. 1966). Nowhere does the defendant disclose the nature of their expected testimony nor does he provide an adequate basis to enable the Court to determine whether these individuals may even be properly classified as "witnesses." In fact, the limited disclosure made by the defendant leaves the Court with some doubt whether these 29 individuals will all be necessary witnesses to matters of relevance for the defense. For example, the Court finds it difficult to comprehend how the testimony of four F.B.I. agents, eight Las Vegas telephone company employees, and six California savings and loan executives will be relevant to the issue underlying the perjury charge in this case, i. e., whether the defendant caused certain monies to be paid to Wayne Bromley for Robert Baker.

The defendant also asserts that some 40 witnesses also living in and around the Las Vegas, Nevada, area, have expressed their desire to testify as to his reputation for truth and veracity, but that many of these "character" witnesses have stated that it would be inconvenient for them to travel to Washington, D. C. The fact that some 40 individuals are willing to testify as to the defendant's good character is not persuasive. It is well established that a trial judge may within his discretion limit the number of "character" witnesses called by a defendant and sound judicial management would suggest that he do so. As the Court said in Hauge v. United States, 9 Cir., 276 F. 111 (1921), which was also a perjury case:

> "After six witnesses had testified to defendant's good reputation for truth and veracity, the court declined to permit defendant to call further witnesses upon the same point. Defendant excepted and assigns error in the action of the court. As the proposed additional witnesses would give evidence which was merely cumulative, the matter was one within the discretion of the court, and we cannot see that there was any prejudice by the ruling. O'Hara v. United States, 129 F. 551, 64 C.C.A. 81; Chapa v. United States (C.C.A.Tex.) 261 F. 775." 276 F. at page 113.

The Hauge case was recently cited with approval by our Court of Appeals in Levin v. United States, 119 U.S.App.D.C. 156, 164, 338 F.2d 265, 273 (1964). And see, Burgman v. United States, 88 U.S.App. D.C. 184, 188–189, 188 F.2d 637, 641–642 (1951); United States v. Baysek, 3 Cir., 212 F.2d 446 (1954); Shaw v. United States, 5 Cir., 41 F.2d 26 (1930); and Brady v. United States, 7 Cir., 41 F.2d 449 (1930).

On the other side of our "balance sheet of convenience," the Government asserts that, in addition to counsel, 13 of its 20 prospective witnesses reside in the Washington, D. C., area; [2] that the offense was committed in the District of Columbia; and that the books and records which will be introduced in evidence by the Government are presently located in this district.

Further, there are other factors which militate against a transfer. A transfer to another district would require new Government counsel to enter the case which would result in an indefinite delay to afford new counsel a reasonable time to acquaint themselves with matters to date and for adequate trial preparation. On the other hand, there is no adverse factor of delay in this district. As soon as all the pretrial motions can be disposed of, the Court is prepared to fix a definite trial date.

The defendant relies primarily on Travis v. United States, 364 U.S. 631, 81 S. Ct. 358, 5 L.Ed.2d 340 (1961), but the Travis case is clearly distinguishable on its facts. There, the defendant was indicted and convicted in a Colorado district court for making and filing a false noncommunist affidavit as required by § 9(h) of the National Labor Relations Act. The Government's contention was that, although technically the affidavit was filed in the District of Columbia, since all of the acts underlying the transaction had occurred in Colorado and since the defendant as well as all of the witnesses lived in Colorado, venue should have been proper in Colorado. Despite the fact that Colorado clearly presented the most convenient forum, the Supreme Court rejected the Government's argument and held:

> "Multiple venue in general requires crimes consisting of 'distinct parts' or involving 'a continuously moving act.' United States v. Lombardo, 241 U.S. 73, 77, 36 S.Ct. 508, 509, 510, 60 L. Ed. 897. When a place is explicitly designated where a paper must be filed,

---

2. The court must consider the convenience of the witnesses for the Government as well as those for the defense. United States v. Tellier, D.C., 19 F.R.D. 164 (1956).

a prosecution for failure to file lies only at that place. Id., 241 U.S. at pages 76–78; 36 S.Ct. at page 509." [3]

In the instant case, the offense charged was committed in the District of Columbia; both defense counsel and counsel for the Government reside in the District of Columbia; the consummation of the scheme which it is alleged the defendant concealed from the Grand Jury was accomplished in the District of Columbia; and most of the Government's prospective witnesses also reside in the District of Columbia.

For these reasons and upon consideration of the entire record presented on this motion, the Court concludes that the defendant has failed to demonstrate that the "interest of justice" would best be served by transfer to another district. Accordingly, the motion for transfer will be denied.

3. 364 U.S. at 636, 81 S.Ct. at 362.