Mr. Justice GRIER
 

 delivered, the opinion of the court.
 

 The patent which the defendants are charged to have infringed purports to be, “for a new and useful improvement in the construction of cars or carriages intended to travel upon railroads,”
 

 The specification commences with an enumeration of the /difficulties attending short, curves in railroads from friction, and the consequent necessity of placing the wheels, where four only are used, near together. But in high velocities the shocks from obstructions or inequalities on the rails are thus' greatly, increased; so that a compromise is usually made between the,evils consequent on too great a separation, and tod near approach, wherein the advantage of one is necessarily sacrificed, for,the sake of the other. The incessant vibration felt in travel-, ling on railroad cars is mainly imputed to the minute .obstructions which unavoidably exist, and the approximation of the wheels necessary to avoid friction tends to increase the effect of this motion, and its power to derange the machinery, of the roád.
 

 The important object, which the plaintiff’s invention seeks.: to obtain, as regards comfort* safety, and economy, “is to devise, a moje of combining the advantages derived from placing the axles at a considerable distance, with those of allowing them" to b® situated near each other.”
 

 '
 
 The specification then states the methods heretofore used to remedy these difficulties; such as making the 'track wheels. conical, which, imcase of slow travelling, has. been found an effectual correction.' But in high velocities it oaused.a serpentine motion, -hot. only on curves, but where the track was straight. To avoid this effect, an additional motive is furnished for. placing.the axles at a. considerable, distance apart.
 

 For this purpose the,patentee proposes to. construct two bearing carriages, each with four wheels, to sustain the body of , the cars^pne at or near each end thereof; the two wheels on either side of these carriages to be placed very near each other. These wheels may be Connected by a. strong*spring, double the,
 
 *99
 
 usual strength employed for ordinary cars. The us.e of this spring, though preferable, is not absolutely required, as the end in view may be obtained by constructing the bearing “carriages in any of the modes usually practiced, provided the-fore and hind wheels of each of the carriages be placed near together; because the closeness of the fore, and hind wheels of. each-bearing carriage, coupled remotely from each other, is considered as the most important feature of the indention.
 

 On each of these carriages a bolster is placed, on which the car body rests, connected with each by a centre pin or bolt ■passing down through them, thus allowing them to swivel or turn upon each "other.
 

 After this description of the improvement contemplated, and the objects to be gained by it, .(of which we have given a brief summary,).the specification eoncludés with the-following disclaimer and statement of what the patentee claims to have invented: ■> ■ .
 

 • “I do not claim as my invention the running of cars or car-, riages upon eight wheels, this having been previously done; not, however, in the manner or for the. purposes .herein described, but merely with a view of distributing the weight carried moré evenly upon á rail or other road, and for objects dis-. tinct in character from those which. I have had in view, as hereinbefore set forth. -Nor have the wheels, when thus increased in; number, been so arranged and connected with each other, either by design or accident, as to accomplish this purpose. "What I claim, therefore, as my invention* and for which U ask a patent,- is, the before-described manner of arranging. and connecting the eight wheels, which constitute the two bear-' mg carriages, with a railroad car, so as to accomplish the end proposed by the means, set -forth, or by any others which are analogous and dependent upon the same principles.”
 

 The defence set up; in. the pleadings does not deny that, dé- . fendants usé cars constructed as described in the patent, but takes issue on the originality of the invention, averring, among numerous other matters, that the same, or substantially the same, improvement had been previously made and used on the Quincy railroad, near Boston.
 

 
 *100
 
 The first bill of exceptions taken on the trial is to the refusal of the court to reject a deposition taken on interrogatories, because the witness had not annexed to it a copy of a former deposition, which, in answer tó a previous interrogatory, he admitted he had seen and had used to refresh his memory...
 

 There are two sufficient reasons why this exception cannot be sustained. 1. By the rules of practice in force in the Circuit Codrt, such an objection cannot be made on the trial of a cause, when the party, as in this case, had full time and opportunity to move for a suppression of the. deposition or a re-ex? animation -of the witness.
 

 And, secondly, the paper was. not in the" power of the witness, but in that of the commissioner, or the plaintiff himself, who might have used it if he thought proper. ¿
 

 ■ After the parties had each given evidence tending to prove the issues between them, and the defendants had closed their testimony, the plaintiff’s counsel made nine distinct offers of proof, which were severally overruled as irrelevant, and exception taken.. £ ■'
 

 They then proposed eight -several-instructions, which they requested the court to give to the jury, and took exceptions to the court’s refusal. Besides all this, the charge was parcelled . out into fourteen paragraphs, and an exception taken to each.
 

 To state each one of these thirty-one propositions at length, and discuss them severally, would be a tedious as well as an unprofitable labor. ’
 

 •’ There was in fact but one question to-be decided by the court, viz : the construction of the patent; the question of novelty being the fact to be passed on by the: jury.
 

 The testimony of experts which was' rejected had no relevancy to the facts on which the jury were to .pass, but seemed rather to be intended-to instruct the cOurt on some mechanical facts or principles on which the court needed no instruction, .or to teach them what was the true construction of the pate
 
 n
 
 t.
 

 Experts may be examined to explain terms of art, and the ' state of the art, at any given time. .-They may explain to the court and jury the machines, models,- or drawings, exhibited.
 
 *101
 
 They may point out the difference or identity of the mechanical devices involved in their construction. The maxim of
 
 “cuique in sua arte eredendum
 
 ” permits them to be examined to . questions of art or science peculiar to their trade ,or profession; but professors or mechanics cannot be received to prove tó the court or jury what is the proper or legal construction of any instrument of writing. A judge may obtain information from them, if he desire it, on matters which he does not clearly comprehend, but cannot be compelled to receive their' opinions as ' matter of evidence. Experience has shown that opposite opin- ' ions of persons professing to be experts may be obtained to any amount; and it often occurs that'not only many days, but even weeks,^ are consumed in cross-examinations, to test the skill or knowledge, of such witnesses and the correctness of their opinions, wasting the time and wearying the patience of both court and jury, and. perplexing, instead of elucidating, the questions involved in the issue.'
 

 If the construction given by the court to the spfecification be. correct, and in fact the only construction of which it is capable, as we think it is, it would be wholly superfluous to examine experts to teach the court, what they could clearly perceive without such information, that the necessity for coned wheels, to avoid friction on curves was a consequence of the fact that the wheels were fixed to the axle.
 

 The improvement claimed by the patent being a device to remedy, among other things, the serpentine or wabbling motion of such wheels^ in high velocities, the testimony offered concerning them, if it would have any effect at. all, would tend only to mislead both court and jury from the only issue in the case.
 

 The following extracts'from the charge will show that the, judge has given, the only construction which the language of this specification will admit, and one which had been previously given by Mr. Chief Justice Taney in 1889, and again by Mr. Justice Nelson:
 

 “According to the import and true construction of the plaintiff’s patent and specification, he claims to be the first inventor pf ‘a new. and useful improvement in the construction of cars
 
 *102
 
 and carriages .intended to travel upon railroads,’.which, improvement consists in
 
 the manner of
 
 arranging.
 
 and connecting
 
 the eight wheels, which constitute the two bearing carriages, with a railroad car, the object of which is to make such an adjustment'of the wheels, axles, and bearings of the car, as-shall enable a car with a comparatively long body to pass curves with greater facility and safety, and less friction, and as shall at the same time cause the body of the car to pursue a more smooth, even, direct, and safe course, over the curvatures ‘and irregularities, and over the straight parts of the road.
 

 “
 
 The manner
 
 of such arrangement' and connection is to place upon, the upper bolsters of two. bearing carriages, each having four wheels, with the flanehes of each pair of wheels very near together, the body of a car, so as to rest its weight .and have, the bearing of the load upon the centre or central portion of the bolsters, being also the centre or central portion of the bearing carriages; the bolsters of the bearing carriages and car body, respectively, being connected by centre pins or bolts, so as to allow them to swivel and turn upon each other, in the manner of the front bolster of a common road wagon, and the bolsters being placed at, near, or beyond, the ends of the body.
 

 “And the closeness of the fore and bind-wheels of each of-the two bearing carriages coupled as remotely from each other as may be desired, orean conveniently be done, for the support of one body, is a- most important feature of the invention, with a view to the objects and on the principles set forth in the specification.
 

 “The patentee does not claim to be,the inventor of a car body (eithei- for freight-pr for passengers) of a new or peculiar construction in size or form, nor of any single and wholly separate part of the entire car; but he claims, as his invention*
 
 the manner
 
 of . arranging and connecting the eight wheels, which constitute the two bearing carriages, .with a railroad car, in the mode and by; the means desdribed i'n his specification, for the ends before described, whether such railroad car is adapted to the transportation of freight or of passengers.
 

 “The leading principle set forth in the specification, upon which the arrangement-and connection act to effect the objects.
 
 *103
 
 aimed' at, is, that by the contiguity of the fore and hind wheels of each bearing carriage, and the swivelling motion- of the trucks or bearing carriages, the planes of the flanches of the wheels conform more nearly to the line of the rails, and the lateral friction of the flanches on the rails, while entering, passing through, and leaving curves, is thereby diminished; while at the same time, in consequence of the two bearing carriages being arranged and connected with the body of a passenger or burden car, by means of the'-king' bolts or centre pins and bolsters, placed as remotely from each other as may be desired or can be conveniently done, and with the weight bearing upon the
 
 central
 
 portion of the bolsters and bearing carriages, the injurious effects of the, shocks and concussions received from slight irregularities and imperfections of the track, and othe,r minute disturbing causes, are greatly lessened.”
 

 The remarks of the court about the want of a disclaimer, where the patent claimed too much, though correct as a general statement of the law, could have little bearing on the present case, where the disclaimer, to be effectual, would include the whole invention claimed.
 

 It is abundantly evident, therefore, that the court having given a correct .construction- to the patent, there could be no error in refusing to give a different one, or in refusing to admit testimony which, under this construction, was wholly irrelevant to the issue on which the jury were about to pass.
 

 The judgment of the Circuit Court is therefore affirmed, with costs.
 

 Mr. Justice DANIEL dissents, on the ground of a want of jurisdiction.