## UNITED STATES v. SCHULTZ.

District Court, D. Montana. January 15, 1930.

No. 2242.

Harry J. Freebourn, Co. Atty., of Butte, Mont., for petitioner.

Wellington D. Rankin, U. S. Atty., of Helena, Mont.

BOURQUIN, District Judge. ▆ The county attorney of Silver Bow county, this state, presents ex parte a petition entitled in the above cause, alleging that the sheriff of said county is custodian of its jail, wherein he holds defendant pursuant to final commitment from this court, and praying that this court order the sheriff to produce defendant as a witness in an important criminal trial in the state court sitting in the same county. Had the court jurisdiction to so order, the comity which exists between it and state courts to co-operate in behalf of justice would inspire the petition be granted.

It is believed, however, that, final commitment issued, the power of the court in this case ends to do more than secure compliance with the said writ, viz. the sheriff to "keep and imprison him in said county jail." None the less, the state court, on a sufficient showing of necessity in the case before it made, has jurisdiction in its discretion to order the sheriff, its official arm, to produce the defendant as a witness, and the officer's bounden obedience thereto in no wise departs from his duty to this court, does not disobey its mandate. For all commitments are subject to exceptions implied in behalf of the necessity aforesaid.

▆ All courts of record of this state, as well as federal courts, have statutory power to grant writs of habeas corpus, including those ad testificandum, to produce convicts or other persons in custody and required as witnesses to testify in proceedings before them. So produced, the custodian still has them in custody, and in no sense does or can enlarge them. Although federal courts may enlarge or free state prisoners, state courts cannot likewise federal prisoners. The reason subsists in that, of the two sovereignties, the United States dominates, and has final authority to determine whether prisoners, state or federal, are detained without infringement of their federal rights.

▆ For the said writ, the statute (section 12186, R. C. Mont.) provides a substitute by motion, save that in no case can the custody of the prisoner be taken from the officer to whom this court has committed him. So that, if the custodian be not the sheriff of the county in which sits the court requiring the prisoner, the writ aforesaid must be employed.

Petition denied.