### SHAW et al. v. UNITED STATES.
No. 5792.

Circuit Court of Appeals, Fifth Circuit.
May 16, 1930.

L. H. Ellis and L. L. Saxon, both of Columbiana, Ala., for appellants.

Charles B. Kennamer, U. S. Atty., of Birmingham, Ala., and J. Osmond Middleton, Asst. U. S. Atty., of Clanton, Ala.

Before BRYAN and FOSTER, Circuit Judges, and HOLMES, District Judge.

HOLMES, District Judge.

The appellants and 17 others were indicted on six counts for conspiracy to violate the National Prohibition Act (27 USCA). Some of the defendants pleaded guilty, six were acquitted, and nine convicted by a jury. Among those convicted were the appellants, the others having accepted the sentence imposed. The allegations of the indictment and the evidence were to the effect that one of the defendants was sheriff of Shelby county, Ala., and some of the others were his deputies, and that all of them entered into a conspiracy with manufacturers and dealers in illicit liquor to violate said act by the officers lending aid to the illicit operators, by advising them in advance when raids would be made, and by protecting them from apprehension and prosecution in various ways.

The evidence in the case ran over a number of years, and necessarily took a wide range, as the proof of the conspiracy was entirely circumstantial, and 84 overt acts were alleged in each count. The proof on the part of the government consisted chiefly in the testimony of bootleggers, liquor makers, rum runners, and persons engaged generally in the illicit traffic in intoxicating liquors.

There are 97 assignments of error, all of which, except two or three, assail rulings upon the admissibility or exclusion of certain testimony.

In a case such as this, with 20 defendants charged with a continuing conspiracy extending over a series of years, and resting entirely upon circumstantial evidence, great latitude is necessarily allowed in the admission of testimony. The jury should have for its consideration every fact which has a reasonable tendency, however slight, to prove the existence of the conspiracy.

"Much discretion is left to the trial court, and its ruling will be sustained, if the testimony which is admitted tends even remotely to establish the ultimate fact." Clune v. United States, 159 U. S. 593, 16 S. Ct. 125, 126, 40 L. Ed. 269.

It is claimed that, though the statute of limitations is three years, U. S. Code, title 18, c. 16, § 582 (18 USCA § 582), the court permitted, over the objection of appellants, evidence of acts at an earlier date showing an offense which was barred.

This evidence was competent to show the beginning of the criminal relationship between the parties, as there were overt acts set forth in the indictment and proven which showed the continuance of the conspiracy to a date well within the three-year period.

The crime being a continuing one, the statute of limitations was tolled, and evidence, direct or circumstantial, of the original unlawful combination or agreement, was admissible, even though more than three years from the date of the finding of the indictment. Wilson v. United States, 190 F. 427, 111 C. C. A. 231; Stager v. United States (C. C. A.) 233 F. 510.

The court also excluded evidence offered by the defendants that during the administration of Sheriff Falkner numerous stills had been destroyed by him and his deputies, and many prosecutions instituted for violations of the liquor laws. This was clearly correct, as the testimony did not in any wise tend to refute the positive testimony of the witnesses for the government or to exculpate the appellants.

There was no abuse of discretion in limiting to three for each of the defendants on trial the number of character witnesses, as the facts testified to by them were not disputed by the government, nor was the prior good reputation of any of the defendants assailed. In these circumstances, additional cumulative evidence of uncontroverted facts would have consumed time without subserving any proper purpose of the trial.

The court also limited the defendants to three witnesses to testify to the bad reputation for truth and veracity of any government witness. This was discretionary with the trial judge, as here also the government had announced in advance that it would offer no evidence to the contrary, and the additional testimony would likewise have been merely cumulative upon an undisputed fact.

We have very carefully considered the record in this case, and find no reversible error.

The judgment of the court below is accordingly affirmed.