## GIBSON v. UNITED STATES.
### No. 9186.

Circuit Court of Appeals, Eighth Circuit.
Nov. 18, 1931.

Rehearing Denied Dec. 29, 1931.

Charles T. Gibson, of Chariton, Iowa, pro se.

Ray C. Fountain, Asst. U. S. Atty., of Des Moines, Iowa (Ross R. Mowry, U. S. Atty., of Newton, Iowa, and Frank F. Wilson, Asst. U. S. Atty., of Mt. Ayr, Iowa, on the brief), for the United States.

Before KENYON and GARDNER, Circuit Judges, and REEVES, District Judge.

GARDNER, Circuit Judge.

Defendant was convicted under an indictment containing four counts. The first three counts charged violation of section 338, title 18, of the United States Code (18 USCA § 338), while the fourth count charged a violation of section 88, title 18, of the United States Code (18 USCA § 88). The case was first tried at the October, 1930, term, held at Creston, Iowa, at which time the jury disagreed, and the cause was then passed to the January, 1931, term. The January, 1931, term began on January 13th. On January 12th appellant filed a motion for the production of one Joe Drazich as a witness in his behalf, alleging that Drazich was then confined in the United States Penitentiary at McNeils Island, in the state of Washington. The application, which seems not to have been verified, alleged that Drazich, if produced as a witness on behalf of the defendant, would testify that "defendant had nothing whatever to do with the commission of the crime charged herein; that this defendant did not write, compose, dictate, mail, forward, or direct any letter, order, or other paper or document involved or charged to the act of the defendant herein; that any and all acts alleged to have been done in the furtherance of the fraud or crime charged herein were done, if at all, without the knowledge of the defendant herein, and without his advice, consent, or assistance." It is also alleged that the relation existing between the defendant and said Drazich was that of attorney and client; that all transactions between them were legitimate in character, and that so far as defendant was concerned or interested "were directed to the welfare, reform and establishment of the said Joe Drazich as an honest and honorable citizen of the United States." The application was presented on January 13th, the day on which the case was assigned for trial, and was then overruled.

The overruling of this motion is the only error assigned; defendant contending that he was deprived of his constitutional right of compulsory process for obtaining witnesses in his favor. Most liberally construed, this was an application by an indigent defendant for a writ of habeas corpus ad testificandum. . The witness was serving a

sentence in the United States Penitentiary in the state of Washington, and hence his attendance could not be secured by means of an ordinary subpœna. If his attendance could be secured, it was by means of a writ of habeas corpus ad testificandum directed to the warden of the federal penitentiary where the witness was confined, requiring him to have the body of the witness in court at the time of the trial, in order that he might give his testimony. The power to issue such a writ is inherent in the court. Ex parte Bollman, 4 Cranch 75, 2 L. Ed. 554; Ex parte Marmaduke, 91 Mo. 228, 4 S. W. 91, 60 Am. Rep. 250; In re Thaw (C. C. A.) 166 F. 71, Ann. Cas. 1915D, 1025; People v. Willard, 92 Cal. 482, 28 P. 585; Hayden v. Commonwealth, 140 Ky. 634, 131 S. W. 521; United States v. Schultz (D. C.) 37 F. (2d) 619.

Section 654, title 28, USCA provides that: "Until September 19, 1928, subpœnas for witnesses who are required to attend a court of the United States, in any district, may run into any other district: Provided, That in civil cases no writ of subpœna shall issue for witnesses living out of the district in which the court is held at a greater distance than one hundred miles from the place of holding the same without the permission of the court being first had upon proper application and cause shown. * * * After September 19, 1928, subpœnas for witnesses who are required to attend a court of the United States, in any district, may run into any other district. In civil causes the witnesses living out of the district in which the court is held do not live at a greater distance than one hundred miles from the place of holding the same."

This section, it will be observed, does not limit the power to issue subpœnas in criminal cases. The court therefore, had power to issue the writ, even though it might run into another district. It is to be here observed that appellant asked that this witness be produced at the expense of the government. Section 656, title 28, USCA, has specific reference to the issue of process for indigent defendants in criminal cases. So far as pertinent, this section reads as follows: "Whenever any person indicted in a court of the United States makes affidavit, setting forth that there are witnesses whose evidence is material to his defense; that he cannot safely go to trial without them; what he expects to prove by each of them; that they are within the district in which the court is held, or within one hundred miles of the place of trial; and that he is not possessed of sufficient means, and is actually unable to pay the fees of such witnesses, the court in term, or any judge thereof in vacation, may order that such witnesses be subpœnaed if found within the limits aforesaid."

Where the witness is asked to be produced at the expense of the government, this statute limits the jurisdiction of the court to issue the order for such witnesses who reside within the district in which the court is held, or within one hundred miles of the place of trial. It also requires that the person indicted shall support his application by affidavit and shall in that affidavit, among other things, allege that he is actually unable to pay the fees of such witnesses. Neither of these requirements was complied with in the instant case.

It appears from the record that defendant had known for several months at least of the whereabouts of this witness. He also knew that his case was assigned for trial at the January, 1931, term, but he made no effort to present his application for a writ until the day the case was set for trial. This was not timely. The application was not verified, and there was not sufficient showing made to warrant the court in exercising its discretion, even if it were held that the court had jurisdiction to grant the writ to run into another district, or for the production of a witness more than one hundred miles from the place of holding the court. It is quite generally held that an application of this sort is addressed to the discretion of the trial court which, in the absence of a clear abuse, will not be reviewed on appeal. Goldsby v. United States, 160 U. S. 70, 16 S. Ct. 216, 40 L. Ed. 343; Crumpton v. United States, 138 U. S. 361, 11 S. Ct. 355, 34 L. Ed. 958; Austin v. United States (C. C. A.) 19 F.(2d) 127, 129; Dupuis v. United States (C. C. A.) 5 F.(2d) 231.

In Austin v. United States, supra, it was contended that the court had erred in denying defendant's application for subpœnas to certain witnesses at the expense of the United States. In disposing of this contention, the court said: "The denial of the application was the exercise of the trial court's discretion in a matter which is not subject to review by an appellate court."

There is in our opinion no merit in this appeal, and the judgment appealed from is therefore affirmed.