**BURGMAN v. UNITED STATES.**

No. 10489.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 14, 1950.

Decided Feb. 8, 1951.

See also D.C., 89 F.Supp. 288.

638

James J. Laughlin, Washington, D. C., for appellant.

William E. Owen, Washington, D. C., also entered an appearance for appellant.

Victor C. Woerheide, Sp. Asst. to the Atty. Gen., of the Bar of the Supreme Court of Missouri, pro hac vice, by special leave of Court, with whom William A. Paisley, Sp. Asst. to the Atty. Gen., was on the brief, for appellee.

George Morris Fay, U. S. Atty., Joseph M. Howard, Asst. U. S. Atty., and J. Frank Cunningham, Atty., Dept. of Justice, Washington, D. C., also entered appearances for appellee.

Before CLARK, WILBUR K. MILLER and PRETTYMAN, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellant was indicted for treason, tried by court and jury, convicted, and sentenced to imprisonment. Upon this appeal he presents nine points. We have examined each with care.

■ 1. Appellant says that his trial was not impartial, because Government employees sat upon the jury. We regard this question as set at rest by the decisions of the Supreme Court in Frazier v. United States [1] and Dennis v. United States.[2]

1. 1948, 335 U.S. 497, 69 S.Ct. 201, 93 L. Ed. 187.

2. 1950, 339 U.S. 162, 70 S.Ct. 519, 94 L. Ed. 734; accord, United States v. Wood, 1936, 299 U.S. 123, 57 S.Ct. 177, 81 L. Ed. 78; Lawson v. United States, 1949, 85 U.S.App.D.C. 167, 176 F.2d 49, certiorari denied, 1950, 339 U.S. 934, 70 S. Ct. 663, 94 L.Ed. 1352.

2. He says that the indictment did not state an offense, in that (a) mere words and opinions cannot constitute overt acts and (b) treason is not committed by a citizen residing in enemy territory.

■ The indictment alleged sixty-nine overt acts, which involved appellant's alleged activities in preparing records for broadcasting by radio at Berlin, Germany. Appellant says that broadcasting is merely a passive, verbal description of thoughts and so falls within the rule that no mere thought is a criminal act. This contention was examined by us in the Gillars case,[3] and we adhere to the view there taken.

■ The contention as to the territorial limitations upon acts of treason was also considered in the Gillars case, and we adhere to the view there taken upon that point.[4]

3. Appellant says that the court erred in denying him subpoenas for eight aliens resident in Germany. The court did in fact grant an authorization to take the depositions of seven of the persons named, and the eighth was produced at Government expense. Expenses of counsel for appellant in going abroad to take the depositions were paid by the Government.

■ The power of the court to issue subpoenas for aliens resident in foreign countries was considered by this court in the Gillars case and was denied, largely upon authority of Blackmer v. United States [5] and in agreement with United States v. Best.[6] We find no error in this connection.

4. Appellant says that the trial court erred in admitting as evidence electrical transcriptions of the defendant's voice. He says that this was in violation of the Fifth Amendment as compulsory self-incriminating testimony.

■ Appellant's alleged treason consisted, as we have indicated, of making records for radio broadcasts at Berlin, Germany, the broadcasts being addressed to the armed forces of the United States, allegedly seeking to impair the morale of those forces and to dissuade them from support of this country. Those records were presented as evidence at the trial. From no point of view can we see that the admission of this evidence was violative of appellant's rights under the Fifth Amendment.[7] The records did not belong to him, were not taken from him, and had never been in his possession.[8] They were not mere testimony concerning the acts of treason; they were the physical embodiment of the very acts themselves. The fact that modern science permitted the prosecution to reproduce in the courtroom before the jury the very overt act with which appellant was charged does not lessen the propriety of the presentation. The records were not appellant's

3. Gillars v. United States, 1950, 87 U.S. App.D.C. 16, 182 F.2d 962. See also Best v. United States, 1 Cir., 1950, 184 F.2d 131; Chandler v. United States, 1 Cir., 1948, 171 F.2d 921, certiorari denied, 1949, 336 U.S. 918, 69 S.Ct. 640, 93 L.Ed. 1081; Rex v. Joyce, 173 L.T.R. 377, affirmed sub nom. Joyce v. Director of Public Prosecutions, [1946] A.C. 347; cf. Cramer v. United States, 1945, 325 U.S. 1, 65 S.Ct. 918, 89 L.Ed. 1441.

4. Blackmer v. United States, 1932, 284 U.S. 421, 52 S.Ct. 252, 76 L.Ed. 375; United States v. Bowman, 1922, 260 U.S. 94, 43 S.Ct. 39, 67 L.Ed. 149; Chandler v. United States, 1 Cir., 1948, 171 F.2d 921, certiorari denied, 1949, 336 U.S. 918, 69 S.Ct. 640, 93 L.Ed. 1081; cf. Skiriotes v. Florida, 1941, 313 U.S. 69, 61 S.Ct. 924, 85 L.Ed. 1193.

5. 1932, 284 U.S. 421, 52 S.Ct. 252, 76 L.Ed. 375.

6. D.C.Mass.1948, 76 F.Supp. 138, affirmed Best v. U. S., 1 Cir., 1950, 184 F.2d 131. Cf. Casebeer v. Hudspeth, 10 Cir., 1941, 121 F.2d 914, certiorari denied, 1942, 316 U.S. 683, 62 S.Ct. 1272, 86 L.Ed. 1755; Gibson v. United States, 8 Cir., 1931, 53 F.2d 721, certiorari denied, 1932, 285 U.S. 557, 52 S.Ct. 458, 76 L. Ed. 946.

7. Chandler v. United States, 1 Cir., 1948, 171 F.2d 921, certiorari denied, 1949, 336 U.S. 918, 69 S.Ct. 640, 93 L.Ed. 1081; cf. Haywood v. United States, 7 Cir., 1920, 268 F. 795, certiorari denied, 1921, 256 U.S. 689, 41 S.Ct. 449, 65 L. Ed. 1172.

8. Cf. United States v. White, 1944, 322 U. S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542; 8 Wigmore, Evidence §§ 2263, 2264 (3d Ed. 1940).

testimony; they were mechanical evidence of his original acts. If an accused performs an act in public, surely a witness may describe the act to a jury. Such evidence is not compulsory testimony by the accused. If the act consists of a speech, a witness may recite the content of the speech, even though the speaker himself cannot be compelled to describe it. The recitation by the witness of what the accused said is not compulsory testimony by the accused. If a recording is made of a speech, its presentation as evidence is governed by the rules relative to witnesses of the speech, not by the rules relating to compulsory testimony by the speaker. An accused may well incriminate himself, as, for example, when he commits an offense in public, and evidence of his self-incrimination may be readily admissible upon his trial. The constitutional prohibition is that he may not be compelled to incriminate himself. We continue of the same view which we expressed upon this point in the Gillars case, supra.

5. Appellant says that the trial court erred in the exclusion of evidence. He says that after the American Embassy staff had been evacuated from Berlin, leaving him there without a passport, he received, through the Swiss Government, a notice of expatriation and thereafter thought that his allegiance to the United States was at an end. Upon reading the record we find no merit in the point. Appellant testified that he had received such a letter, but he had neither the original nor a copy of it. Thereupon the court permitted him to testify as to what the alleged letter said.

■ 6. Appellant says that the trial court erred in refusing to give the jury certain requested instructions. The first of these instructions was, in effect, that appellant could not be guilty of treason if he believed that he was no longer an American citizen, such belief negativing the possibility of the necessary specific intent to breach his allegiance. Although the requested instruction was denied, counsel was allowed to argue the point to the jury. The court instructed the jury that an intent to betray one's country is an essential element of the crime of treason and must be proved as such, and also told the jury, "So, too, statements by the defendant may be considered by you and an inference from these statements may be drawn by you as to the existence or non-existence of an intent to betray his country." Upon the whole of the facts in this record we do not see how the court could properly have given the requested instruction. No reasonable basis in fact for a belief by this appellant that he had lost his obligation of allegiance to this country appears. An unfounded belief, evidenced only by a self-asserted mental conclusion, can hardly be sufficient to excuse long-continued, deliberate treason. The trial court went about as far as it could go in appellant's behalf when it instructed as it did.

■ Appellant says that the trial court erred in refusing to instruct the jury that one situate in a foreign land and deprived of the protections due from the country of his citizenship is relieved of all duty of allegiance to the latter country. The Court of Appeals for the First Circuit considered this point in the Chandler case,[9] and we agree with its view upon it.

■ 7. Appellant says that in his charge to the jury the trial court erred in his comment upon the evidence. Appellant's defense was, in part, insanity. The court remarked to the jury, in the course of summarizing the evidence on the point, "On the other hand, there is no testimony on the part of his co-workers, either at the Embassy or at the German radio station, who had occasion to come in contact with the defendant regularly, that they saw him do or heard him say anything that was irrational, and it is reasonable to infer that to them he appeared to be rational."

We have read the trial court's entire charge,[10] and we think it well within the

9. Supra note 7. Cf. United States v. Fricke, D.C.S.D.N.Y.1919, 259 F. 673.

10. Cf. Kinard v. United States, 1938, 69 App.D.C. 322, 101 F.2d 246; Sullivan v. District of Columbia, 1902, 20 App.D.C. 29.

permitted area of comment.[11] The court pointed to the testimony of all the psychiatrists and to the sharp differences among them; and to the other testimony relevant to the point. It instructed carefully and accurately that, the issue of insanity having been raised, sanity becomes an element to be proved by the prosecution beyond a reasonable doubt. In unmistakable terms the court submitted to the jury the issue of sanity as one which it and it alone must determine upon the evidence. The above-quoted remark was against a background of testimony by four of appellant's fellow workers at the Embassy in Berlin and nine such fellow workers at the radio station. In view of appellant's asserted insanity during this period, it was a striking fact that none of these thirteen witnesses commented upon any irrational conduct, and we think the court was justified in commenting upon that circumstance. The charge was carefully placed in a framework of instruction that the jurors were the sole judges of the facts, etc.

8. Appellant says the trial court erred in interrupting one of his expert psychiatrists. Five experts testified, three for the defendant and two for the prosecution. To the appellant's contention here in respect to the interruption by the judge during the testimony of this one witness, the Government in its brief replies: "The judge intervened extensively during the questioning of each of these five witnesses." And examination of the record shows this to have been so.

But such intervention is not in itself error.[12] Quite the contrary, when the issue which the jury must determine involves the technical terms and concepts of expert psychiatric testimony, a serious responsibility rests upon the trial judge to make as certain as possible that the testimony is clear and complete. Of course, primary responsibility in this regard rests upon counsel, but a sound discretion to that end rests also upon the judge. The possibility of pure jury speculation in this field is so great that the trial judge must be unusually watchful in respect to it. The criterion by which such intervention must be judged for error is the same as that used in other respects. The criterion is the impartiality of the action and attitude. The judge may not be partial in this respect any more than he may be so in any other. We have carefully read the record in the portions to which our attention is directed in connection with this point, and we find no error in it.

9. Appellant says that the trial court abused its discretion in failing to provide psychiatrists at Government expense. In the course of the trial appellant presented two expert witnesses, members of an Army Medical Board, who had examined him in 1946. The prosecution presented one medical member of the local Commission on Mental Health. Then appellant requested that the Government pay, by court order, the fee of another expert to be selected by him. The court declined to issue the order, upon two grounds, (1) that there had been enough psychiatric testimony and additional such evidence would be merely cumulative, and (2) that the court had no funds upon which to draw to pay such fees. In the situation which then confronted the court, we think its decision was within its established discretion in such matters. A call of witnesses at Government expense is a matter for the trial court in its sound discretion.[13] Moreover, numerous cases, stemming from Winans v. N. Y. & Erie R. Co.,[14] support the power of

11. Lawson v. United States, 1949, 85 U.S. App.D.C. 167, 176 F.2d 49, certiorari denied, 1950, 339 U.S. 934, 70 S.Ct. 663, 94 L.Ed. 1352.

12. Griffin v. United States, 1947, 83 U.S. App.D.C. 20, 164 F.2d 903, certiorari denied, 1948, 333 U.S. 857, 68 S.Ct. 727, 92 L.Ed. 1137; cf. Budd v. United States, 1919, 48 App.D.C. 332.

13. Casebeer v. Hudspeth, 10 Cir., 1941, 121 F.2d 914, certiorari denied, 1942, 316 U.S. 683, 62 S.Ct. 1272, 86 L.Ed. 1755; Gibson v. United States, 8 Cir., 1931, 53 F.2d 721, certiorari denied, 1932, 285 U.S. 557, 52 S.Ct. 458, 76 L.Ed. 946.

14. 1859, 21 How. 88, 16 L.Ed. 68. Cf. Fraser v. Jennison, 42 Mich. 206, 3 N. W. 882 (1879).

642

the court to limit reasonably the number of witnesses upon any single point; in other words, to curtail cumulative evidence.[15]

The judgment of the District Court is Affirmed.

15. Suhay v. United States, 10 Cir., 1938, 95 F.2d 890, certiorari denied, 1938, 304 U.S. 580, 58 S.Ct. 1060, 82 L.Ed. 1543; Chapa v. United States, 5 Cir., 1919, 261 F. 775, certiorari denied, 1920, 252 U.S. 583, 40 S.Ct. 393, 64 L. Ed. 728; cf. Brady v. United States, 7 Cir., 1930, 41 F.2d 449; Hauge v. United States, 9 Cir., 1921, 276 F. 111; Samuels v. United States, 8 Cir., 1916, 232 F. 536; Shaw v. United States, 5 Cir., 1930, 41 F.2d 26.