Herbert V. IMHOLTE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15249.

United States Court of Appeals
Eighth Circuit.

Nov. 1, 1955.

Rehearing Denied Dec. 5, 1955.

Joseph A. Maun, St. Paul, Minn. (William R. Busch, St. Paul, Minn., Douglas F. Thornsjo, Minneapolis, Minn., and Bundlie, Kelley & Maun, St. Paul, Minn., were with him on the brief), for appellant.

Alex Dim, Asst. U. S. Atty., St. Paul, Minn. (George E. MacKinnon, U. S. Atty., St. Paul, Minn., was with him on the brief), for appellee.

Before SANBORN, COLLET and VAN OOSTERHOUT, Circuit Judges.

COLLET, Circuit Judge.

David H. Hayden was indicted February 20, 1954, for wilfully and knowingly attempting to defeat and evade a large part of the taxes due and owing by Hayden Motor Sales, Inc., a corporation, for the year 1947, "by the filing and causing to be filed * * * a false and fraudulent return * * *." It was further charged that Herbert V. Imholte "did wilfully and knowingly aid, abet, counsel, command, induce and procure the willful and knowing attempt of the said David H. Hayden to defeat and evade a large part of the taxes due and owing by the said Hayden Motor Sales, Inc., * * * for the calendar year 1947, * * *." Hayden entered a plea of guilty and testified for the Government. Imholte was tried and convicted by a jury. From the judgment of conviction he appeals.

There is no substantial dispute concerning the facts. As defendant realizes, they must now be viewed in the light most favorable to the jury's conclusion. Defendant contends that "there is no evidence whatsoever to support the jury's verdict." That position is based upon the premise that the offense charged was the filing of a false return on March 15, 1948, that the applicable six-year statute of limitations, 26 U.S. C.A. § 3748, barred the prosecution of Imholte for any acts committed by him prior to February 20, 1948, that Imholte had nothing to do with the filing of the corporate return on March 15, 1948 (which the Government concedes) and that all evidence of Imholte's acts and conduct during the year 1947 was inadmissible, hence the above-stated contention that there was no evidence to support the conviction. If, as we shall presently discuss, the substantive charge was, as defendant asserts, that he aided and abetted in the filing of the false return (which was clearly false), there is no evidence to support the charge because it was not shown that Imholte had anything to do with the actual filing of the return except that as a notary he acknowledged Hayden's signature to it, which is not deemed of material importance. Thanks to the ability and forthrightness of counsel, there is no quibbling about facts which the jury was warranted in finding, or the inferences which could properly be drawn from facts in evidence. And the issues of law are fairly and ably presented in the briefs. The facts upon which the conviction was based will be briefly stated, leaving for determination thereafter the admissibility of the evidence establishing those facts, and the other questions of law presented.

Hayden was the principal stockholder and president of the Hayden Motor Sales, Inc.[1] Imholte was general sales manager of the Corporation. Commencing early in 1947, Hayden and Imholte had several conversations about how a portion of the proceeds of sales of automobiles could be held back by them and not shown on the corporate records for tax purposes. As a result it was agreed that a substantial portion of the sale price would be collected in cash out of which the three per cent commission of the salesmen would be deducted and the balance divided between Hayden and Imholte, the former taking 75 per cent and

1. Hereinafter referred to as the Corporation.

Imholte 25 per cent. This arrangement was carried out. Imholte would give to Hayden his 75 per cent with a slip of paper showing the actual sale price and the deductions. The amount of the sale, after the deductions, was given the Corporation's bookkeeper for the corporate records. An illustration given was the sale of a 1941 Chevrolet for $1125.00. The sale was billed by Imholte at $700.-00, and that amount reported by him for the corporate records. Three per cent or $12.75 was paid the salesman as his commission, $103.05, or 25 per cent was retained by Imholte, and $309.00, or 75% was turned over to Hayden by Imholte with the slip of paper on which was shown the complete figures. Imholte did not report his 25 per cent upon his personal income tax return. When the Corporation's tax return was made up by accountants from the corporate records, the income of the corporation did not show these holdbacks. Nor would a comparison of Imholte's personal return with the corporate return disclose the holdback. The Corporation's return was filed and sworn to by Hayden. All of the holdbacks by Imholte and Hayden, which resulted in the Corporation's 1947 return being false, occurred in the year 1947, more than six years prior to the return of the indictment. Thus the first question of law arises.

■ Defendant asserts and the Government concedes that the act of filing a false and fraudulent return is not a continuing one in the sense that it may be said that Imholte's acts and conduct in 1947 continued over into the actual *filing of the return* on March 15, 1948. It was the trial court's theory that the offense charged was the attempt to evade or defeat the Corporation's taxes which culminated and became complete with the filing of the false return on March 15, 1948, and that since Imholte aided and abetted that act of attempted evasion, he is guilty of aiding the attempted evasion on March 15, 1948, within the period of limitations. We agree with the trial court.

■ The applicable portion of the statute upon which the indictment was based, 26 U.S.C.A. § 145 (b) is:

"Any person * * * who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall * * * be guilty of a felony * * *."

The statute is drawn in broad general terms. The willful attempt to evade or defeat any tax *in any manner* is the offense defined. The offense may be committed in any manner so long as there is a willful attempt to evade the tax. It may or may not be committed by the filing of a false or fraudulent return coupled with conduct which brings it within § 145(b). See United States v. Johnson, 319 U.S. 503, 63 S.Ct. 1233, 87 L.Ed. 1546. Hence that part of the indictment which refers to the filing of a false and fraudulent return is merely a specification of definiteness and certainty for the defendant's information, incorporated in the indictment originally rather than upon the subsequent order of the court in response to a motion for bill of particulars or to make more definite and certain. The fact that the great majority of such unlawful attempts to evade taxes include the act of filing a false return and that it has become customary to state such fact in the indictment does not change the offense under § 145(b), 26 U.S.C.A., from an attempt to evade, to the offense of filing a false return. In United States v. Johnson, 319 U.S. 503, 63 S.Ct. 1233, the Supreme Court points out that the offense defined by § 145(b) is the willful attempt to evade taxes and not the filing of a false return. The court there said 319 U.S. loc.cit. 514, 63 S.Ct. loc.cit. 1239:

"In short, the Circuit Court of Appeals read the substantive counts as though they charged Johnson merely with the filing of false returns on March 15th. That may only be a misdemeanor under § 145(a) of the Internal Revenue Code, but that is not the offense with which Johnson was charged. He was charged with a felony made so by § 145(b), the much more comprehensive violation of at-

tempting 'in any manner to defeat and evade' the payment of an income tax."

With the nature of the offense charged in mind, such cases as Vloutis v. United States, 5 Cir., 219 F.2d 782; United States v. Lombardo, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897; United States v. Valenti, 3 Cir., 207 F.2d 242; Reass v. United States, 4 Cir., 99 F.2d 752; Ledbetter v. United States, 170 U.S. 606, 18 S.Ct. 774, 42 L.Ed. 1162; Nigro v. United States, 8 Cir., 7 F.2d 553; United States v. Krepper, 3 Cir., 159 F.2d 958, are readily distinguished.

The substantive offense being the attempt to evade the payment of the tax, and Imholte being charged with aiding and abetting Hayden in the commission of that offense, Imholte's offense was consummated when the false return was filed.[2] Hence the offense of aiding and abetting the attempted evasion was committed on March 15, 1948. Cave v. United States, 8 Cir., 159 F.2d 464; Wampler v. Snyder, 62 App.D.C. 215, 66 F.2d 195; Bowles v. United States, 4 Cir., 73 F.2d 772.

Imholte contends that the evidence of what he did in aiding Hayden in the latter's attempt to evade the Corporation's tax was inadmissible because those acts were committed during 1947, beyond the period of the statute of limitations.

■■■ Subject to possible exceptions, not now of importance, evidence is not admissible to establish a substantive offense which has been barred by limitations, while evidence of similar offenses to that charged is, under proper circumstances, admitted to show intent, although prosecution for the similar offenses may be barred. Leeby v. United States, 8 Cir., 192 F.2d 331. In conspiracy cases where the conspiracy is a continuing one, evidence of the beginning of the conspiracy relating in point of time to events which transpired beyond the period of limitations is admitted to show the conspiracy if overt acts carried the conspiracy forward into the period within which the prosecution was not barred. Shaw v. United States, 5 Cir., 41 F.2d 26; Culp v. United States, 8 Cir., 131 F. 2d 93.

In the present case it is conceded that the act of filing the false return is not a continuing one in the sense that it began in 1947 and continued up to and including the date of actual filing, March 15, 1948. But that concession was effective merely for the purpose of clarifying the issue as to what constituted the offense charged, i. e., whether the offense was the filing of a false return or an attempt to evade the payment of taxes. The concession stopped the argument about whether Imholte could be convicted if he was only charged with aiding and abetting the filing of a false return. Further than that, the concession is without effect for present purposes. The question of whether evidence showing that Imholte aided and abetted Hayden in attempting to evade the payment of taxes on March 15, 1948, is admissible when that evidence relates to matters occurring beyond the period of limitations is not clearly unanswered by the authorities cited.

■■■ We are of the opinion that the evidence was clearly admissible. It showed beyond doubt that Imholte did aid and abet Hayden in the latter's unlawful attempt. Imholte knew that the actual consummation of Hayden's attempt need not and probably would not occur until March 15, 1948, when the return had to be filed. His acts and conduct, shown by this evidence, necessarily, therefore, amounted to aiding Hayden in the commission of the offense on March 15, 1948. Evidence of the commission of an offense, the prosecution for which is not barred by the statute of limitations, is not inadmissible merely because that evidence relates to acts and conduct committed at a time when, if the offense had then been committed, prosecution

---

2. Under 18 U.S.C.A. § 2, an aider and abettor is a principal and may be indicted, tried and convicted as such. Russell v. United States, 5 Cir., 222 F.2d 197, 198 and cases cited.

therefor would have been barred by the statute. Cf. Hartman v. United States, 8 Cir., 215 F.2d 386.

■ It is argued that there was a fatal variance between the charge and the evidence in that, as defendant states in his brief, "The proof in no way relates to or tends to establish the crime of aiding and abetting the filing of a false corporate tax return for which defendant was indicted." The argument is based upon the fallacious premise that the substantive charge was the filing of a false return.

■ Defendant assigns as error the admission of evidence that he did not report the holdbacks he received in his personal tax return and evidence of his participation in the keeping of false corporate records. This evidence was admissible to show defendant's intent and to show the assistance he gave Hayden in the latter's attempt to evade the corporate tax.

The charge is criticized because the court failed to instruct the jury (1) that it could not consider any evidence of acts of Imholte which took place prior to February 20, 1948; (2) that any facts or circumstances relating to defendant's own personal income tax return could not be considered; (3) that unless the jury found that holdbacks received by Imholte were not in fact additional compensation to him, he should be found not guilty; (4) because the charge authorized defendant's conviction upon a finding that he aided and abetted Hayden in attempting to evade the corporate income tax, when the offense charged was aiding and abetting Hayden in filing a false corporate return; (5) because on the question of intent the jury was instructed that every person is presumed to intend "the natural consequences of his acts knowingly committed"; (6) defining the term "person" in the language of the statute, which includes officers and others having a duty to file corporate returns, without telling the jury that defendant was not such an officer and could not be convicted because of a breach of such duty;

(7) because the trial court was inconsistent in referring to the charge as aiding and abetting Hayden in willfully filing a false return for the purpose of defeating and evading taxes, and at another point in the charge instructing the jury that a finding that defendant willfully aided and abetted Hayden in an attempt to evade corporate taxes would warrant a verdict of guilty.

(1), (2), (4) are determined by what has heretofore been said, and (3) was adequately covered in the charge.

■ As to (5), Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L. Ed. 288; Bloch v. United States, 9 Cir., 221 F.2d 786, 788, and Legatos v. United States, 9 Cir., 222 F.2d 678, are cited in support of the criticism of that part of the charge which told the jury that every person is presumed to intend the natural consequences of his act knowingly committed. The Bloch and Legatos cases both involved charges of willful attempt to evade taxes under § 145(b). The Bloch case condemned an instruction as reversible error which told the jury that, "the presumption is that a person intends the natural consequences of his acts, and the natural inference would be if a person consciously, knowingly and intentionally did not set up his income, and thereby the government was cheated or defrauded of taxes, that he intended to defeat the tax." To the same effect is Wardlaw v. United States, 5 Cir., 203 F. 2d 884. In the Legatos case the court recognized the vice of such an instruction but found that it was so qualified as not to be prejudicial. The Morissette case was a larceny case in which larcenous intent had erroneously not been treated as a necessary element of the offense. These cases establish the proposition that where intent is a necessary element of the offense, is not inherent in the act itself, but is a specific intent involving bad purpose and evil motive, that that specific intent must be proved by or clearly inferred from the evidence, Wardlaw v. United States, supra, and the proof of such intent as an ingredient of the offense may not be eliminated by a

presumption. Morissette v. United States, supra.

There may be a distinction between a case like this, where the question is whether the defendant intended to aid and abet another in the latter's intent and attempt to violate the law, and cases like those above referred to wherein the intent involved is that of the transgressor himself, which intent is a necessary ingredient of the latter's offense. But we draw no such distinction. The instruction had better not have been given. We are convinced, however, that as given in this case it was so qualified that, as in the Legatos case, and in Banks v. United States, 8 Cir., 223 F.2d 884, 889, the charge considered as a whole correctly stated the law with sufficient clarity as not to be misleading. See also Bateman v. United States, 9 Cir., 212 F.2d 61.

The definition of the word "person" in the language of the statute, when read with the remainder of the charge, could not have been misleading.

As to (7), the language used by the court, when lifted out of context, may be indicative that the court momentarily considered the substantive charge as the filing of a false return rather than aiding and abetting the attempted evasion of taxes—a state of mind which, we might observe, was ably promoted by defendant's counsel. But this particular language is, as stated, lifted out of the context of the charge. The charge as a whole leaves no possible room for misunderstanding or conflict.

It was discovered after the trial that the juror who acted as foreman of the jury had a brother who was an Internal Revenue Agent employed at St. Paul, Minnesota, in the investigation of income tax returns. The jurors were not examined on this subject. This juror was asked by the court in the course of the routine voir dire examination whether he knew of any reason why he could not act as a fair and impartial juror. He answered that he did not. At the conclusion of the Courts' examination, counsel were asked for their suggestions as to any further questions. Only one unrelated question was suggested by defendant's counsel. The situation presented does not warrant the conclusion that defendant was prejudiced or deprived of a fair trial. The judgment is affirmed.