Carl Harvey **BISTRAM**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15745.

United States Court of Appeals
Eighth Circuit.

Oct. 16, 1957.

Carl Harvey Bistram, pro se.

Robert Vogel, U. S. Atty., Fargo, N. D., for appellee.

Before GARDNER, Chief Judge, and JOHNSEN and VAN OOSTERHOUT, Circuit Judges.

GARDNER, Chief Judge.

This case is before us for the second time. Appellant, his brother, Arthur Earl Bistram, and another were indicted for the crime of kidnapping as defined by Section 1201(a), Title 18, U.S.C. Each of the defendants entered a plea of guilty. Thereafter Carl Harvey Bistram, appellant herein, filed a motion to vacate and set aside the judgment on the ground that the sentencing court lacked jurisdiction in that the indictment failed to negative an exception contained in Section 1201(a), Title 18, U.S.C. This motion the trial court overruled and appellant again filed a motion to vacate and set aside the judgment on the ground that his plea of guilty was coerced and obtained by threats and promises. This motion was likewise overruled by the trial court. On appeal we sustained the trial court in overruling the first of these motions but held that on the second motion the appellant was entitled to a hearing and we reversed and remanded the case for that purpose. Bistram v. United States, 8 Cir., 237 F.2d 243.

Subsequent to the remand of the case to the District Court appellant applied to the court for a writ of habeas corpus ad testificandum. On his application the District Court issued the writ directed to the warden of the United States Penitentiary at Alcatraz, California, pursuant to which appellant was returned to the District of North Dakota on or about December 1, 1956. At that time he was represented by counsel of his own choice and on December 11, 1956, the court heard a motion by appellant for writ of habeas corpus ad testificandum directed to the warden of the United States Penitentiary at Leavenworth, Kansas, to produce his brother, Arthur Earl Bistram, as a witness at the hearing to be held on December 18, 1956. The court denied his application for such writ. Thereafter the deposition of the witness Arthur Earl Bistram was taken at Leavenworth, Kansas, and in the taking of the deposition appellant was represented by counsel of his own choice and the deposition was offered in evidence in support of appellant's motion and became a part of the original record in this case. Subsequent to the taking of this deposition and before the hearing on his motion to vacate and set aside the judgment of conviction appellant filed a motion to retake the deposition of Arthur Earl Bistram, which motion the court denied. Hearing on the motion to vacate and set aside the judgment of conviction was had on January 7, 1957, at which hearing appellant personally testified, was represented by counsel and offered the deposition of his brother and the testimony of his former

attorney, following which hearing the court made and entered the following, among other, findings:

"I.

"That on or about the 6th day of June, 1949, movant was charged in a criminal complaint filed in the District of North Dakota, together with one Arthur Earl Bistram and one Chester Allen Hartman, with having transported in interstate commerce one Ralph Alex Senn after the said Senn had been seized, abducted and held by the defendants. He was thereafter arrested in the District of Nebraska and removed to the District of North Dakota to answer said charge.

"II.

"That on the 28th day of June, 1949, he and his co-defendants aforesaid were before the United States District Court for the District of North Dakota and given an opportunity to have the Court appoint attorneys to represent them. Movant advised the Court he desired to obtain his own counsel and was attempting to raise funds therefor.

"III.

"That on the 20th day of September, 1949, movant for the first time advised the Court that he desired court appointed counsel, and on the following day the Court appointed as his counsel A. R. Bergesen, an experienced, able and conscientious attorney. That on the 22nd day of September, 1949, the movant and the aforesaid co-defendants were indicted by a grand jury in the District of North Dakota charged with transporting the said Senn in interstate commerce after being seized, abducted and held by them, to escape arrest and with a violation of the National Motor Vehicle Theft Act [18 U.S. C.A. §§ 10, 2311–2313].

"IV.

"The aforesaid cases against the movant and his co-defendants were triable at Bismarck, North Dakota, Southwestern Division of the District of North Dakota, and prior to the 27th day of September, 1949, a jury had been ordered to report at Bismarck to try all cases there pending on October 5, 1949.

"V.

"That on the 27th day of September, 1949, during the morning, by pre-arrangement all three defendants with their individual counsel appeared before the Court. Upon arraignment the defendants Chester Allen Hartman and Arthur Earl Bistram entered pleas of guilty and movant Carl Harvey Bistram pleaded not guilty. At this time, the three prisoners were brought into court by the former United States Marshal C. M. Foresman. Prior to this time movant had consulted with his attorney.

"VI.

"That during the proceedings in the morning of September 27, 1949, the Assistant United States Attorney, Harry Lashkowitz, used certain language which the movant claims constituted threats and coercion, but which in fact showed only a concern over the limited time available to obtain witnesses before the opening of the Bismarck term. That nothing was said by Mr. Lashkowitz which could, or did, have the effect of coercing or threatening or deceiving either the movant or his counsel. Before the close of said session of court, the Court advised movant it was entirely up to him and his attorney whether or not he wanted to change his plea.

"VII.

"That the claims of movant that certain threats were made against him and his brother by former Assistant United States Attorney Harry Lashkowitz immediately after the recessing of court on the morning of the 27th of September, 1949, were denied by Mr. Lashkowitz. The wit-

ness C. M. Foresman, who was present and within hearing distance of movant at all times during and after this session of court, denied that any such threats were made in his presence and testified that they could not have been made without being overheard by him. That the claim of said threats were not corroborated by deposition of Arthur Earl Bistram, movant's brother.

## "VIII.

"That Mr. A. R. Bergesen, movant's former attorney, was not called upon to corroborate movant's allegation that prior to his entry of his plea of guilty he had informed said counsel of the alleged threats made by Mr. Lashkowitz, and upon this hearing no evidence whatsoever was offered in support of the allegations in movant's moving papers to the effect Mr. Bergesen had advised him he could not have a fair trial due to the attitude of Mr. Lashkowitz, Assistant United States Attorney, then in charge of his cases in behalf of the Government.

## "IX.

"That movant, between the recessing of court on the morning of the 27th of September, 1949 and 2:00 in the afternoon, after further consultation with his attorney, appeared in court and asked the Court for leave to withdraw his plea of not guilty, which was granted, and he thereupon entered a free and voluntary plea of guilty.

## "X.

"That he was sentenced on said charges on the 28th day of October, 1949. During the period of one month and one day that intervened between the plea of guilty and sentence, he made no claim of coercion or threats to anyone. That at the time of sentencing he was given an opportunity by the Court to speak on his own behalf and declined so to do.

## "XI.

"That at the hearing on the present motion, movant was ably represented by Francis Murphy, an outstanding defense lawyer in the State of North Dakota, and was given every opportunity to present any and all evidence in his favor or tending to prove the illegality of his detention, but failed to present any convincing evidence in his behalf, and failed to sustain the burden of proving he is entitled to the vacation of the sentence imposed upon him.

## "XII.

"That movant's testimony and affidavits are inconsistent, contrary to fact, and unworthy of belief, and the allegations and claim that his plea of guilty was entered as the results of threats against himself and his brother and coercion are false."

Based on these findings the court entered its order denying appellant's motion to vacate and set aside the judgment of conviction. From the order denying his motion to vacate and set aside the judgment of conviction appellant prosecutes this appeal and seeks reversal on substantially the following grounds: (1) the trial court erred when it denied the appellant the right to have a vital and material witness present to give both direct and rebuttal testimony in support of appellant's allegations, (2) the trial court erred when it denied the appellant the right to take a supplemental deposition from a vital and material witness, and (3) the trial court erred when it denied appellant's motion, pursuant to Section 1915, Title 28, U.S.C.A., to be furnished with a transcript of the reporter's minutes of the hearing held under Section 2255, Title 28, U.S.C.A., to be used in perfecting this appeal.

■■ It will be observed that appellant makes no contention that the findings of fact made and entered by the court are not supported by the evidence. His complaints go solely to questions of procedure. The court by appropriate

procedure had the appellant returned to the District of North Dakota from his place of imprisonment so that he might personally be present and make preparation for the hearing on his motion. He then sought to have his brother likewise returned. The proceeding was a civil one, Taylor v. United States, 8 Cir., 229 F.2d 826, and the court very appropriately denied the motion to secure the personal attendance of his brother as a witness but permitted appellant to secure the testimony of his brother in deposition form. The brother's deposition was taken and appellant's attorney appeared at the taking of his testimony and the deposition as taken was offered in evidence in support of appellant's motion. The motion to have the witness produced at the hearing at government expense was addressed to the sound judicial discretion of the court and in the absence of an abuse of such discretion its ruling is not reviewable. Goldsby v. United States, 160 U.S. 70, 16 S.Ct. 216, 40 L. Ed. 343; Gibson v. United States, 8 Cir., 53 F.2d 721; Reid v. Charney, 8 Cir., 235 F.2d 47. The testimony of this witness could at most only have been corroborative of the testimony of appellant and, hence, cumulative and appellant was not deprived of the testimony of the witness but in fact offered it in his evidence in support of his motion in the form of a deposition. There was manifestly no abuse of discretion in denying appellant's application for writ of habeas corpus ad testificandum.

■ After appellant had secured the deposition of his brother then confined in the Federal prison at Leavenworth, Kansas, he made application for the taking of a second or supplemental deposition. As above noted appellant had already taken the deposition of his brother. There was no reason to believe that the witness had not freely and fully testified as to the issues involved. He was examined by the appellant's own attorney and the only excuse for taking this deposition was based upon an unsworn telegram and letter purporting to be written by appellant's brother. It appears from his deposition as offered in evidence that he had been given an opportunity to read appellant's motion and knew the contents and purpose thereof, having been furnished with a copy thereof two days before his deposition was taken. In the course of his examination counsel for appellant asked the following question:

"Yes. May I restate. Your brother under oath has made an affidavit to the District Court that out in the hallway at the time and place you have just been speaking of that Mr. Lashkowitz stated to Carl that unless he withdrew his not guilty plea and entered a plea of guilty, that not only would he be convicted and given the death penalty, but also that his codefendants, meaning you and Hartman, would be sentenced to death upon the guilty pleas. Do you recall any such statement?"

This leading question clearly disclosed to the witness what the issue was and what his brother claimed the fact to be, and made it very plain what testimony was expected of the witness. The witness was extensively examined by counsel for appellant and cross-examined by counsel for the government as reflected by his deposition comprising some thirty-four pages. We are of the view that there was no basis for permitting the taking of a new deposition and the ruling of the court was clearly correct.

■ It is finally urged that the court erred in denying appellant's motion to be furnished a transcript of the proceedings had at his hearing at government expense for purposes of perfecting his appeal. The court having certified that the appeal was not taken in good faith, appellant was not entitled to prosecute it in forma pauperis. Section 1915(a), Title 28, U.S.C.A. As has been observed, appellant does not challenge the sufficiency of the evidence to sustain the court's findings and order. His claim of error goes only to questions of procedure. A transcript of the testimony was therefore unnecessary as it would have no

**348**

bearing on the questions raised. The contention is wholly without merit.

On the entire record we are of the view that appellant was afforded every reasonable opportunity to present proof in support of his contentions. He has had a full and fair hearing and the judgment appealed from is therefore affirmed.