v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L. Ed. 300; Trono v. United States, 199 U. S. 521, 26 S.Ct. 121, 50 L.Ed. 292; Stroud v. United States, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103; State of La., ex. rel Francis v. Resweber, 329 U.S. 459, 67 S.Ct. 374, 91 L.Ed. 422; Green v. United States, 355 U.S. 184, 189, 78 S.Ct. 221, 2 L.Ed.2d 199.

The claim of the appellant that he could have been retried on the original indictment, limited to instructions on the common law offense of robbery, but that he could not be tried on a new indictment which properly charged armed robbery is without merit. * * * "a defendant, who procures a judgment against him upon an indictment to be set aside, may be tried anew upon the same indictment, or upon another indictment, for the same offense of which he had been convicted." United States v. Ball, 163 U.S. 662, 672, 16 S.Ct. 1192, 1195.

The judgment of the District Court is affirmed.

---

Carl M. Cathcart pro se.

Donald C. Lehman, Asst., U. S. Atty., Jacksonville, Fla., Edith House, U. S. Atty., Southern Dist. of Florida, for appellee.

Before RIVES, CAMERON and BELL, Circuit Judges.

PER CURIAM.

The district court, after a full hearing, denied appellant's motion to vacate sentence under 28 U.S.C.A. § 2255, explaining the reasons for such denial in a well considered opinion, with which, after a careful reading and consideration of the entire record, we find ourselves in full agreement. We find insubstantial the complaints that the district court refused the movant's general request, without naming particular persons, to subpoena witnesses who might corroborate the movant's testimony[1] nor is there any

**Carl M. CATHCART, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19888.**

United States Court of Appeals
Fifth Circuit.

Dec. 11, 1962.

---

1. 28 U.S.C.A. § 1915; Bistram v. United States, 8th Cir., 1957, 248 F.2d 343, 347.

substance to the complaint that the movant did not have an opportunity to respond to the court's inquiry, "Is the defendant ready to proceed?" The movant did in fact proceed without objection. We are convinced that the movant has been accorded every consideration to protect his constitutional rights, and the judgment is

Affirmed.

UNITED STATES of America ex rel.
Ralph J. HOGE, Appellant,

v.

Patrick N. BOLSINGER, Prothonotary, Supreme Court of Pennsylvania, Western District at Pittsburgh, Pennsylvania, Miriam A. Greenawalt, Deputy Prothonotary, Supreme Court of Pennsylvania, Middle District at Harrisburg, Pennsylvania, James F. Maroney, Superintendent, State Correctional Institution at Pittsburgh 33, Pennsylvania, Appellees.

Nos. 14000–14002.

United States Court of Appeals
Third Circuit.

Submitted Oct. 19, 1962.

Decided Oct. 31, 1962.

Certiorari Denied Feb. 25, 1963.

See 83 S.Ct. 878.

Ralph J. Hoge, appellant, pro se.

Frank P. Lawley, Jr., Deputy Atty. Gen., Harrisburg, Pa. (Franklin L. Kury, David Stahl, Atty. Gen., Harrisburg, Pa., on the brief), for appellees.

Before McLAUGHLIN and HASTIE, Circuit Judges, and DUMBAULD, District Judge.

PER CURIAM.

Appellant is an inmate at Western State Penitentiary, a Commonwealth of Pennsylvania institution, where he is serving a prison sentence as a result of his conviction of a state offense.

His petition to proceed with these three appeals in forma pauperis is allowed.

In the first appeal, No. 14,000, appellant asks for the return of certain papers taken from him by the authorities of the prison where he is confined. In the second, he complains that said authorities refused him the services of a notary to notarize his letter petition to the district court complaining of the seizing of his papers.

The third appeal asks for a declaratory judgment of appellant's right to petition the state courts and the district court for alleged violations of his civil rights and for an injunction against appellees restraining them from such practices as stated in the first and second appeals.

The district court considered appeals Nos. 14,000 and 14,001 together. In the latter, appellant stated that by that time his papers had been returned to him and that he had been given the services of a